

FILED ✓    RECEIVED ___
ENTERED ___    SERVED ON ___
COUNSEL/PARTIES OF RECORD

MAR 2 9 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

DAYLE ELIESON
United States Attorney
District of Nevada
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702-388-6336

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
PETER A. LASERNA
Special Assistant United States Attorney
271-A Cadman Plaza East, 8th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6152
E-mail: peter.laserna@usdoj.gov

*Attorneys for the*
*UNITED STATES OF AMERICA*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Misc. Case No. _ **3:18-ms-00001** |
| v. | **Motion to Compel Non-Party** |
| JORDAN ROSS BELFORT, | **Witnesses to Comply With** |
| Defendant. | **Subpoenas** |

Movant, the United States will, and hereby does, move, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), this Court to issue an order compelling non-party witnesses Global Motivation, Inc., JB Global Holdings, LLC, and JB Global Inc. (collectively, the "non-party witnesses") to comply with subpoenas that were properly served upon them on November 16, 2017, in connection with post-judgment discovery in the case, United States of America v. Jordan Ross Belfort, CR-98-0859 (Eastern District of New York) (hereinafter the "Belfort criminal case"). As set forth below, the non-party witnesses have failed to produce responsive documents or respond in any way to the subpoenas served upon them.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

As part of his conviction in the <u>Belfort</u> criminal case for conspiracy to commit securities fraud, conspiracy to commit money laundering, securities fraud and false statements, the defendant, Jordan Ross Belfort (hereinafter "Belfort"), was sentenced on July 18, 2003, among other things, to pay an assessment of $800 and restitution in the amount of $110,362,993.87, pursuant to the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A (the "MVRA"). <u>See</u> Docket Entries 134 and 135 in CR-98-0859 (E.D.N.Y.). In November 2017, the government served subpoenas <u>duces tecum</u> on three Nevada entities jointly owned by Belfort: Global Motivation, Inc., JB Global Holdings, LLC, and JB Global, Inc. (collectively, the "non-party witnesses"). <u>See</u> Laserna Decl. at ¶¶ 4-7, and 9.

The non-party witnesses' deadline to produce documents responsive to the subpoenas was Friday, December 1, 2017. <u>See</u> Laserna Decl. at ¶ 10. The non-party witnesses were directed to produce documents to the U.S. Attorney's Office, Attn: AUSA Mark Woolf – Financial Litigation Unit, 100 West Liberty Street, Suite 600, Reno, Nevada, <u>see</u> Laserna Decl., **Exhibit 3**, which is within 100 miles of where the non-party witnesses are located, <u>see</u> Fed. R. Civ. P. 45(c)(2)(A). The non-party witnesses failed to produce any documents or otherwise respond to the subpoenas by December 1, 2017. <u>See</u> Laserna Decl. at ¶ 10.

Accordingly, on December 20, 2017, the United States mailed a letter to each of the non-party witnesses, (1) demanding that the non-party witnesses comply with the subpoenas and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018, and (2) noting that they should have an authorized representative contact Assistant U.S. Attorney Peter A. Laserna, to the extent the non-party witnesses wished to discuss the subpoenas. <u>See id.</u> at ¶ 11.

The non-party witnesses did not respond to that December 20, 2017, letter. Id. at ¶ 12. On March 2, 2018, the United States sent follow-up letters to the non-party witnesses, to both the registered agent for each entity as well as the mailing address for the officers of each entity. Id. at ¶ 14. The March 2, 2018, letter, among other things, requested that the entities either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of the entity contact the undersigned AUSA for a meet-and confer. Id. at ¶ 15. Again, the non-party witnesses did not respond to the Unites States' letter. Id. at ¶¶ 16-17.

As of the filing of this motion to compel, the non-party witnesses have not responded to either the subpoenas or the United States' follow-up letters, necessitating the filing of the instant subpoena related motion.

## II. DISCUSSION

The government may utilize the Federal Rules of Civil Procedure as part of its efforts to enforce the collection of the restitution ordered in the criminal judgment imposed against the defendant. See 18 U.S.C. § 3613(a) and (f); 28 U.S.C. § 3015(a); Fed. R. Civ. P. 69. Here, the government served subpoenas on the non-party witnesses pursuant to Fed. R. Civ. P. 45, which provides, in pertinent part, that a party serving a document subpoena may move the court for the district where compliance with the subpoena is required for an order compelling production, upon notice to the commanded person. Fed. R. Civ. P. 45(d)(2)(B)(i).

"Service of a subpoena ... is the method by which a court acquires power to enforce the subpoena." 9-45 Moore's Federal Practice - Civil § 45.02 (2017) (citation omitted). Once served, "A person subject to a discovery subpoena that commands production or inspection has three remedies to avoid or limit compliance with the subpoena: 1. Serving a written objection to the subpoena ...; 2. Moving to quash or modify the subpoena ...; and 3. Moving for a protective

3

order under Fed. R. Civ. P. 26(c)." 9-45 Moore's Federal Practice - Civil § 45.30 (2017) (internal citations omitted). In this case, the non-party witnesses failed to take any of these actions. See generally Laserna Decl. Therefore, the United States respectfully requests that the Court issue an order, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), compelling the non-party witnesses to comply with the subpoenas previously served upon them.

There are a limited number of courts in the Ninth Circuit which have held that Fed. R. Civ. P. 45(d)(2)(B)(i) permits a party to move for compliance with a subpoena only if, and after, timely objections have been served by the person commanded to comply with a subpoena. E.g., Delis v. Sionix Corp., No. SACV 13-1547-AG (RNBx), 2014 WL 12603094, at *1 (C.D. Cal. Sept. 30, 2014). According to this line of cases, the only remedy "available where a non-party witness fails without adequate excuse to obey a properly-served subpoena[, or serve timely objections,] is a contempt citation," pursuant to Fed. R. Civ. P. 45(g). Id. (citations omitted). However, other cases in the Ninth Circuit hold that "nonparties … are generally not sanctioned for failure to comply with a subpoena in the absence of an enforcement order." Vitale & Associations v. Lowden, No. 2:12-CV-01400-JAD, 2014 WL 2526962, at *5 (D. Nev. June 4, 2014) (citing Fed. R. Civ. P. 45(g), Advisory Committee Notes, 2013 Amendments); see also Estate of Alderman v. City of Bakersfield, No. 1:16-CV-0994-DAD-JLT, 2017 WL 4700035, at *1 (E.D. Cal. Oct. 19, 2017) (quoting United States Sec. Exch. Comm'n. v. Hyatt,   621 F.3d 687, 694 (7th Cir. 2010)); Villa v. High Noon W., LLC, No. 2:14-CV-1107-RFB-VCF, 2016 WL 5923418, at *3 (D. Nev. Oct. 11, 2016) ("Neither individual has proffered an excuse for their nonattendance. Although it is within this court's power to hold both in contempt for failing to obey the subpoena, it will give them one more chance to comply. Fed. R. Civ. P. 45(g). McClellan and Jay are therefore ordered to attend their depositions as set forth in

4

this order.").

Indeed, in Vitale, a case in which District Judge Jennifer A. Dorsey adopted the report and recommendation of Magistrate Judge Cam Ferenbach, Judge Ferenbach noted that the Advisory Committee Notes to the 2013 Amendments to Rule 45 provide guidance on this procedural question: "In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena ... ." Vitale, 2014 WL 2526962, at *5. We respectfully submit that it would be more prudent for the Court to issue an order compelling compliance with the subpoenas prior to the initiation of any contempt proceedings against the non-party witnesses.

> 1.    **The Documents Sought by the Subpoenas Are Relevant to the Government's Financial Investigation of the Defendant**

The United States issued the document subpoenas as part of its efforts to enforce the collection of criminal monetary imposed by the judgment against the defendant in the Belfort criminal case. See generally Laserna Decl. "The rules governing discovery in postjudgment execution proceedings are quite permissive." Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250, 2254, 189 L. Ed. 2d 234 (2014) (citing Fed. R. Civ. P. 69(a)(2)). "The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" Id. (quoting Fed. R. Civ. P. 26(b)(1)). As described below, the subpoenas seek documents and information highly relevant to the potential claims and defenses in the Belfort criminal case.

The document subpoenas demand, inter alia, copies of the books and records of the non-party witnesses. See Laserna Decl., **Exhibit 3**. The financial condition of the non-party witnesses is highly relevant to the United States' financial

investigation of the defendant because the defendant and his purported business partner, Anne Koppe, have received over $9 million in "Distributions" from one of the non-party witnesses, Global Motivation, Inc. See Gilsen Decl. at ¶ 5. The financial investigation further indicated that the defendant and Ms. Koppe utilized Global Motivation, Inc. to "pay for their personal expenses in 2013, 2014 and 2015, net of any reimbursements or reversals, in the amounts of $1,422,632.42, $2,792,004.21 and $3,722,580.89, respectively." Id. at ¶ 9. At least a portion these funds could have been applied to the defendant's restitution liability.

The requested documents are also relevant to the claims and defenses in the Belfort criminal case, particularly the United States' claim that the non-party witnesses are acting as the alter ego and/or nominee of the defendant. The United States has initiated garnishment proceedings pursuant to 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act (the "FDCPA"), see Docket CR-98-0859 (E.D.N.Y.), Docket Entries 197-212, by which the government has asserted that JB Global Holdings, LLC is acting as the "alter ego and/or nominee and/or instrumentality of its two principals," including the defendant. See id. at Docket Entry 197, at p. 2.

Courts analyze a number of factors in determining whether an entity is acting as the alter ego of its principal, "including a failure to maintain corporate minutes or adequate corporate records, commingling of funds and other assets of the corporation, and diversion of the corporation's funds or assets to non-corporate uses such as personal use by the corporation's shareholders or the dominant, controlling person." United States v. Emor, 850 F. Supp. 2d 176, 207 (D.D.C. 2012) (citation omitted). Other factors relevant to the alter ego analysis include, "inadequate capitalization, commingling of funds and other assets, holding out by one entity that it is liable for the debts of the other, identical equitable ownership, use of the same offices and employees, use of one as a mere conduit for the affairs

of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers." Daewoo Elecs. Am. Inc. v. Opta Corp., 875 F.3d 1241, 1250 (9th Cir. 2017) (citing Smith v. Simmons, 638 F. Supp. 2d 1180, 1191 (E.D. Cal. 2009)).[1]

The United States has substantial cause to believe that the non-party witnesses are the alter egos of their two principals. As noted in the Gilsen Decl., one of the non-party witnesses, Global Motivation, Inc., has been used to pay for millions of dollars' worth of the personal expenses of its two principals, see, e.g., Gilsen Decl., at ¶¶ 5 and 9, and to pay hundreds of thousands of dollars in salary to the defendant's two children, neither of whom actually worked for Global Motivation, Inc., see id. at ¶ 12. There have been several monetary transactions between the non-party witnesses that have not been properly reflected in the non-party witnesses' books and records. See id. at ¶¶ 13-17. Further, the non-party witnesses share the same officers and directors, and all use the same respective addresses in Nevada. Laserna Decl., at ¶¶ 1-7, and **Exhibit 5** and **Exhibit 6**. The United States seeks additional evidence to further support the position that the non-party witnesses alter egos of their two principals rather than legitimate business

---

[1] See also Freeman v. Complex Computing Co., 119 F.3d 1044, 1053 (2d Cir. 1997) (internal citation omitted) ("In determining whether "complete control" exists, we have considered such factors as: (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers, directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities."); Mallard Auto. Grp., Ltd. v. LeClair Mgmt. Corp., 153 F. Supp. 2d 1211, 1214 (D. Nev. 2001) (citing Lorenz v. Beltio, Ltd., 114 Nev. 795, 808-808 (1998)) ("(1) commingling of funds: (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as individual's own; and (5) failure to observe corporate formalities.").

entities.

Most, if not all, of the categories of documents requested by the subpoenas are relevant to the alter ego analysis. For example, categories 7-9 of the subpoenas seek documentation that the non-party witnesses maintain minutes of their shareholder and director meetings, while categories 3, 4 and 14-18 demand documentation concerning the non-party witnesses' books and records. These types of documents are probative of, among other things, the issue of whether the non-party entities are adhering to corporate formalities. Categories 1-2 and 10, 12 and 13 of the subpoenas request documents which are relevant to the issue of whether Belfort is improperly diverting funds of the non-party witnesses for personal expenses. Categories 19-21 of the subpoenas seek documents concerning the assets of the non-party witnesses, which relates to the issue of whether the entities are adequately capitalized.

Moreover, if the non-party witnesses are legitimate business entities, the documents sought by the subpoenas should be readily available, thus obviating any concerns about undue burden. "It has long been held that there is a presumption that a corporation is in the possession and control of its own books and records. ... Clear proof of lack of possession and control is necessary to rebut the presumption." First Nat. City Bank of N.Y. v. I.R.S. of U.S. Treasury Dep't, 271 F.2d 616, 618 (2d Cir. 1959) (internal citation omitted). Here, the non-party witnesses have never even objected to the subpoenas, much less met their heavy burden to show that the requested documents are not within their control.

For the foregoing reasons, the United States respectfully requests that the Court issue an order compelling the non-party witnesses to fully comply with the subpoenas served upon them.

**2.     The Non-Party Witnesses Have Waived Their Objections**

Additionally, the United States respectfully requests that the Court also order the non-party witnesses to produce all documents responsive to the subpoena, without objection. The non-party witnesses have waived any potential objections to the subpoenas by failing to object or respond to the subpoenas within 14 days of being served with the subpoenas. Rule 45 provides, in pertinent part:

> A person commanded to produce documents … may serve on the party or attorney designated in the subpoena a written objection … . The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. …
> Fed. R. Civ. P. 45(d)(2)(B).

Failure to raise a timely objection to a document subpoena waives a non-party's right to object to the subpoena. E.g., Sheet Metal Workers' Nat'l Pension Fund v. Amodeo, No. 09-CV-0121 (SJF)(ARL), 2016 WL 3080807, at *7 (E.D.N.Y. May 27, 2016) (citing In re Corso, 328 B.R. 375, 384-85 (E.D.N.Y. 2005)); Rich v. Kirkland, No. CV 11-4272-JLS (SPX), 2015 WL 7185390, at *3 (C.D. Cal. Nov. 13, 2015) (citing Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005)); NML Capital Ltd. v. Republic of Argentina, No. 2:14-CV-492-RFB-VCF, 2014 WL 3898021, at *7 (D. Nev. Aug. 11, 2014) (citing Forsythe v. Brown, 281 F.R.D. 577, 587 (D.Nev.2012)); Avila v. Cate, No. 1:09-CV-00918-LJO, 2013 WL 428732, at *2-*3 (E.D. Cal. Feb. 1, 2013) (citations omitted) (collecting authorities). Here, the non-party witnesses have neither objected to nor moved to quash the subpoenas. Therefore, the non-party witnesses have waived any objection they may have interposed in response to the subpoenas.

Accordingly, the United States respectfully requests that the Court compel the non-party witnesses to produce all documents responsive to the subpoena, without objection.

## III.    CONCLUSION

For all the forgoing reasons the United States respectfully requests that the Court compel the non-party witnesses to comply with the subpoenas served upon them. A proposed order granting the United States' motion to compel the non-party witnesses to fully comply with the subpoenas served upon them is respectfully submitted herewith.

Dated: March 28, 2018                    Respectfully submitted,

                                         DAYLE ELIESON
                                         United States Attorney
                                         District of Nevada

                                         RICHARD P. DONOGHUE
                                         United States Attorney
                                         Eastern District of New York

                                         _____
                                         PETER A. LASERNA
                                         Special Assistant United States Attorney

                                         *Attorneys for the*
                                         *UNITED STATES OF AMERICA*

10

# DECLARATION

## <u>DECLARATION OF PETER A. LASERNA</u>

I, PETER A. LASERNA, do hereby declare and state as follows:

1. I am an Assistant United States Attorney ("AUSA") practicing in the United States Attorney's Office for the Eastern District of New York. I am the AUSA assigned to the enforcement of the collection of criminal monetary penalties imposed against the defendant in the case, <u>United States of America v. Jordan Ross Belfort</u>, CR-98-0859 (AMD) (Eastern District of New York) (the "EDNY case").

2. I am competent to testify as to the following facts, which are either within my personal knowledge, or gained by reviewing the files in this case. When indicated, certain facts are also upon information and belief.

3. On November 13, 2017, a subpoena <u>duces</u> <u>tecum</u> was personally served on non-party witness, JB Global, Inc., a California entity. On November 17, 2017, subpoenas <u>duces</u> <u>tecum</u> were personally served on non-party witnesses, JB Global Holdings, LLC and Global Motivation, Inc., each of which are California entities. The subpoenas were personally served on Anne Koppe, an individual who is the registered agent for all of these three California entities. Anne Koppe is also an officer, director or principal for each of these three California entities. True and correct copies of the subpoenas served on these California entities are collectively attached hereto as **Exhibit 1**. True and correct copies of the affidavits of service pertaining to each of these subpoenas are collectively attached hereto as **Exhibit 2**.

4. On November 16, 2017, subpoenas <u>duces</u> <u>tecum</u> were personally served on non-party witnesses, JB Global Holdings, LLC, JB Global, Inc. and Global Motivation, Inc., each of which are Nevada entities. The subpoenas were personally served on Business Filings Incorporated, the registered agent for these three Nevada entities. True and correct copies of the subpoenas served on these Nevada entities are collectively attached hereto as **Exhibit 3**. True and correct copies of the affidavits of service pertaining to each of these subpoenas are collectively attached hereto as **Exhibit 4**.

1

5. All of the aforementioned subpoenas contain identical attachments, demanding the same documents from each of the California and Nevada entities. Compare **Exhibit 1** and **Exhibit 3**.

6. Upon information and belief, during 2016, JB Global Holdings, LLC, JB Global, Inc. and Global Motivation, Inc. were dissolved or canceled as California entities and re-formed as Nevada entities, operating under the same names and with the same principals and officers. The government served subpoenas on the entities, care of their respective registered agents, in both California and Nevada, to avoid any potential claim that the California and Nevada entities of the same name are separate and maintain separate books, records and other financial documents. In this way, the government will ensure that all records from the California entities prior to their dissolution in 2016, and all records from the Nevada entities after their formation in 2016, are produced. For the purposes of this Declaration, the three entities, JB Global Holdings, LLC, JB Global, Inc. and Global Motivation, Inc., will hereinafter collectively be referred to as "the non-party witnesses."

7. The subpoenas were served on the non-party witnesses because Jordan Belfort, the debtor-defendant in the EDNY case, is an officer or director of each of the non-party witnesses and because he is the purported 50 percent owner of each of the non-party witnesses. The subpoenas were issued as part of the United States Attorney's Office's financial investigation of Belfort's ability to pay the criminal monetary penalties imposed against him in the EDNY case. The non-party witnesses have information and documentation highly relevant to the potential claims and defenses in the EDNY case.

8. Pursuant to Fed. R. Civ. P. 45(a)(4), the undersigned caused to be mailed to Belfort's attorney, by first class mail, a letter and a copy of the subpoenas (collectively, the "Rule 45 letter") that were to be served upon the non-party witnesses. The Rule 45 letter was mailed on or about November 7, 2017. On November 14, 2017, Belfort's attorney acknowledged receiving the Rule 45 letter, but did not indicate that he would

2

object on behalf of the non-party witnesses or otherwise indicate he was representing the non-party witnesses.

9.    Documents and information publically available on the websites for the Secretaries of State for California and Nevada show that Belfort is an officer, manager or director of all of the non-party witnesses. True and correct copies of the documents available on the website for the Secretary of State of California are collectively attached hereto as **Exhibit 5**. True and correct copies of the information available on the website for the Secretary of State of Nevada are collectively attached hereto as **Exhibit 6**.

10.    The non-party witnesses' deadline to produce documents responsive to the subpoenas was Friday, December 1, 2017. The non-party witnesses failed to produce any documents in response to the subpoenas or respond to the subpoenas in any manner.

11.    On December 20, 2017, I caused to be mailed, by U.S. Mail, a letter to each of the non-party witnesses, which letter (1) demanded that the non-party witnesses comply with the subpoenas and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018, and (2) noted that they should have an authorized representative contact me, to the extent the non-party witnesses wished to discuss the subpoenas. True and correct copies of the letters sent to each of the non-party witnesses are collectively attached hereto as **Exhibit 7**.

12.    As of the signing of this Declaration, the non-party witnesses have not responded to my December 20, 2017, letter.

13.    On March 2, 2018, the U.S. Attorney's Office for the Eastern District of New York FedExed a letter to each of the California entities: JB Global, Inc., JB Global Holdings, LLC, and Global Motivation, Inc. The letter was sent to both (1) the registered agent for each entity that is noted on the website for the Secretary of State of California, and (2) the "Entity Mailing Address" for each entity that is noted on the website for the Secretary of State of California. The letter notes that the government must attempt in good faith to meet and confer with a representative from each of the entities prior to seeking a court order compelling compliance with the previously served subpoenas.

3

Through the letter, we requested that the entities either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of the entity contact the undersigned AUSA for a meet-and-confer, by the close of business on Thursday, March 8, 2018. True and correct copies of the letters sent to each of the non-party witnesses in California are collectively attached hereto as **Exhibit 8**.

14. On March 2, 2018, the U.S. Attorney's Office for the Eastern District of New York FedExed a letter to each of the Nevada entities: JB Global, Inc., and Global Motivation, Inc. The letter was sent to both (1) the registered agent for each entity that is noted on the website for the Secretary of State of Nevada, and (2) the mailing address of the officers for each entity that is noted on the website for the Secretary of State of Nevada. The letter was also sent to JB Global Holdings, LLC. The letter to JB Global Holdings, LLC's registered agent was also FedExed. However, the letter to the mailing address for JB Global Holding LLC was sent by U.S. Mail, because the address is a PO Box. FedEx does not deliver to PO Boxes. The letter that was sent by regular mail to JB Global Holdings, LLC, was marked "return to sender," returned to the government, and received by the U.S. Attorney's Office on or about March 13, 2018.

15. The March 2, 2018, letter sent to the Nevada entities notes that the government must attempt in good faith to meet and confer with a representative from each of the entities prior to seeking a court order compelling compliance with the previously served subpoenas. Through the letter, we requested that the entities either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of the entity contact the undersigned AUSA for a meet-and-confer, by the close of business on Thursday, March 8, 2018. True and correct copies of the letters sent to each of the non-party witnesses in Nevada are collectively attached hereto as **Exhibit 9**.

16. As of the signing of this Declaration, the non-party witnesses, either in California or Nevada, have not responded to my March 2, 2018, letter.

4

17.    To date, the non-party witnesses have not responded to this office's letters or otherwise communicated with the undersigned about the subpoenas. The website for the pertinent Secretary of State contains no telephone number for the non-party witnesses or their registered agents. The non-party witnesses have not communicated to the undersigned that they have an attorney with whom we might meet and confer regarding the non-party witnesses' failure to respond to the subpoenas.

18.    I have attempted to comply with the obligation to meet-and-confer with the non-party witnesses, as set forth above. However, the non-party witnesses have never responded to the subpoenas or the follow-up letters sent by this office.

19.    Moreover, Belfort, who is a principal of the non-party witnesses, is aware of the subpoenas, as his attorney was provided notice of and copies of the subpoenas on November 7, 2017.

20.    It appears that the non-party witnesses, and their officers and directors, are aware of the subpoenas and are deliberately ignoring their obligation to respond to the subpoenas. The government has made a good-faith effort to meet and confer with the non-party witnesses, which effort has been unsuccessful. Accordingly, a motion to compel compliance with the subpoenas will be filed without a meet-and-confer having taken place.

21.    The government will file motions in the District Courts for the Central District of California and the District of Nevada to compel the non-party witnesses to comply with the subpoenas duces tecum served on them and also to transfer the subpoena related motion to the Eastern District of New York. The instant Declaration is submitted in support of the motions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 22, 2018, at Brooklyn, New York.

_____
PETER A. LASERNA

5

# EXHIBIT
# 1

Laserna Declaration - Exhibit 1
Page 1

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| United States of America | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR-98-0859 |
| Jordan Ross Belfort | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    JB GLOBAL, INC.

---

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment to Subpoena

| Place: U.S. Attorney's Office, Attn: AUSA Indira Cameron-Banks, 300 N. Los Angeles St., Suite 7516, Los Angeles, California 90012 | Date and Time: 12/01/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___11/07/2017___

*CLERK OF COURT*

                                 OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____the____
United States of America _____, who issues or requests this subpoena, are:

AUSA Peter A. Laserna, 271-A Cadman Plaza E, Brooklyn, New York 11201, peter.laserna@usdoj.gov, 718-254-6152

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CR-98-0859

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

For all documents, books, and records responsive to the below categories that were created and/or exist as electronically stored information, the production of such information, documents, books, records and any other materials shall be in their native format, with all metadata preserved and produced, in coordination with, and according to the attached Production Specifications, unless otherwise explicitly indicated. Unless otherwise explicitly noted, documents, books, and records requested are for the period beginning January 1, 2011, to the present. At the place and on the date designated in the attached subpoena, you (hereinafter "the company") are to produce the following documents, books, and records in the company's possession, custody or control:

1. Federal and state tax returns for the company, including all schedules, attachments, and workpapers.

2. All Forms W-2, 940, 941 and 1099 issued by or to the company.

3. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of the company's corporate records or tax returns.

4. Reports and accountants' workpapers concerning preparation of financial records and reports and audits of the company, to include, but not limited to: audited or unaudited financial statements (balance sheet, income statement, etc.) expense and revenue summaries, trial balances, changes in working capital, cash flow analysis, cost analysis, financial forecasts, and correspondence.

5. All notices or correspondence received or sent by or on behalf of the company to or from the Internal Revenue Service, including any applications for extensions of time to file tax returns.

1

6. All documents concerning the formation, creation, operation, and/or dissolution of the company, including, but not limited to, articles of incorporation, articles of organization, amendments, and bylaws.

7. Copies of all minutes of the proceedings of the shareholders of the company.

8. Copies of all minutes of the proceedings of the board of directors of the company.

9. Copies of all minutes of the proceedings of the executive committee of the company.

10. Documentation regarding distributions (taking any form, including, but not limited to in the form of cash, tangible assets, real estate, stock dividends, compensation or loans) to shareholders, directors and employees of the company, including but not limited to, loan agreements and loan re-payment schedules.

11. Records reflecting the issuance, ownership and/or transfer of stock, shares, equity or other ownership interest in the company.

12. All employment records, applications, files, pay statements, copies of checks, benefits, correspondence, dates of employment and leave and such other information as may be included in said records and files of the company's employees for the period of January 1, 2011 to the present.

13. All payroll records for the company for the period of January 1, 2011 to the present.

14. All books of original entry and subsidiary records and other financial records for the company, including, but limited to, General Ledger, General Journals, all Subsidiary Ledgers and Journals, gross receipts and income records, cash receipts and disbursement records and/or Journals, sales and purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records,

2

Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks).

15. Original source records, transaction summary reports, supporting records and documents, and informal workpapers and notes related to, or resulting in entries made in the above-noted books and records, including, but not limited to: bank records, purchase orders, delivery tickets, invoices, paid bills, loan files, and real property records.

16. The company's inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records.

17. The company's records and workpapers reflecting the purchase, basis and depreciable life of assets.

18. The company's records and workpapers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

19. Checking account records for the company, including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

20. Savings account records for the company, including bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited,

3

withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.

21. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased by the company.

22. The company's loan records, including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually.

23. Records of any liens, loans correspondence files and internal memoranda relative to the above-noted loans.

24. All credit card statements for the period from January 1, 2011, through the present for any and all credit cards issued in the company's name.

25. Any rental and/or lease agreements pertaining to the company, either as landlord or as tenant.

26. Any written agreements to which the company is a party, including, but not limited to, contracts to perform work.

27. All other documents and records that the company is required to maintain under federal and/or state law that are not covered by the above categories.

28. Copies of all legal bills, which may be redacted to remove privileged information, and retainer agreements for legal expenses incurred by the company.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.  **Specification Modifications**
    Any modifications or deviations from the Production Specifications may be done only with the express permission of the government. Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the government to facilitate their production.

2.  **Production Format of ESI and Imaged Hard Copy**
    Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 19, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

    a.    **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
    *   All TIFF file names shall include the unique Bates number burned into the image.
    *   Each Bates number shall be a standard length, include leading zeroes in the number, and be unique for each produced page.
    *   All TIFF image files shall be stored with the ".tif" extension.
    *   Images shall be OCR'd using a standard COTS products.
    *   All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
    *   No image folder shall contain more than 2000 images.

    b.    **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
    *   Image Cross Reference Sample Format:

        ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
        ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
        ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
        ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

    c.    **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

    *   ASCII text delimited load files are defined using the following delimiters:

        | | |
        |---|---|
        | *Field Separator* | *^ or Code 094* |
        | *Text Qualifier* | *\| or Code 124* |
        | *Substitute Carriage Return or New Line* | *◊ or Code 013* |

1

Laserna Declaration - Exhibit 1
Page 9

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

|BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3. **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g. .doc; .pdf; .wpd) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. | Full Text | Unlimited | ✓ | ✓ | |

3

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | Folder or binder name) | | | | | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ . |
| MESSAGEHEADER | Email header. Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4.    **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**
De-duplication of exact copies <u>within</u> a custodian's data may be done, but all "filepaths" must be provided for each duplicate document. The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the government. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the government as additional metadata fields.

5.    **Hidden Text**
All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced with the image file.

6.    **Embedded Files**
All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7.    **Image-Only Files**
All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8.    **Hard Copy Records**
a.    All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

b.  All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

c.  All objective coding (e.g., document date or document author) should be discussed and produced to the government as additional metadata/database fields.

9.  **Production of Spreadsheets and Presentation Files.** All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). *See* section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10. **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the government about the format for the production of such databases.

11. **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12. **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g. GoTo Meeting, WebEx), and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the government about the format for the production of such data.

13. **Social Media**
Prior to any production of responsive data from Social Media (e.g., Twitter, Facebook, Google+, LinkedIn, etc.)the producing party shall first discuss with the government the potential export formats before collecting the information.

14. **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (.xls) format.

15. **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint etc.) the producing party shall first provide the database

5

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

16.   **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

17.   **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, Document Id or Bates number(s) corresponding to each such image.

18.   **Format of ESI from Non-PC or Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, and UNIX machines), the ESI shall be produced after discussion with and written consent of the government about the format for the production of such data.

19.   **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

   a.   ESI shall be produced in a manner which is functionally useable by the government. The following are examples:
   - AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
   - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
   - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

20.   **Bates Number Convention**
All images should be assigned Bates numbers before production to the government. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

PREFIX0000001    PREFIX0000003
PREFIX0000001.001   PREFIX0000003.001
PREFIX0000001.002   PREFIX0000003.002

6

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

21. **Media Formats for Storage and Delivery of Production Data**
    Electronic documents and data shall be delivered on any of the following media:
    a.  CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
    b.  External hard drives [USB 2.0 (or better) or eSATA, formatted to NTFS format specifications] or flash drives.
    c.  Storage media used to deliver ESI shall be appropriate to the size of the data in the production. d. Media should be labeled with the case name, production date, Bates range, and producing party.

22. **Virus Protection and Security for Delivery of Production Data**
    Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the government.

23. **Compliance and Adherence to Generally Accepted Technical Standards**
    Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

24. **Read Me Text File**
    All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25. **Exception Log**
    An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

7

Laserna Declaration - Exhibit 1
Page 15

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| United States of America | ) |  |
| :---: | :---: | :---: |
|  | ) |  |
| v. | ) | CR-98-0859 |
| Jordan Ross Belfort | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                GLOBAL MOTIVATION, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment to Subpoena

| Place: U.S. Attorney's Office, Attn: AUSA Indira Cameron-Banks, 300 N. Los Angeles St., Suite 7516, Los Angeles, California 90012 | Date and Time: 12/01/2017 10:00 am |
| :--- | :--- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| :--- | :--- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/07/2017

*CLERK OF COURT*

                                          OR       

_____                _____

      *Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*       the
United States of America _____ , who issues or requests this subpoena, are:

AUSA Peter A. Laserna, 271-A Cadman Plaza E, Brooklyn, New York 11201, peter.laserna@usdoj.gov, 718-254-6152

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CR-98-0859

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Laserna Declaration - Exhibit 1
Page 17

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

For all documents, books, and records responsive to the below categories that were created and/or exist as electronically stored information, the production of such information, documents, books, records and any other materials shall be in their native format, with all metadata preserved and produced, in coordination with, and according to the attached Production Specifications, unless otherwise explicitly indicated. Unless otherwise explicitly noted, documents, books, and records requested are for the period beginning January 1, 2011, to the present. At the place and on the date designated in the attached subpoena, you (hereinafter "the company") are to produce the following documents, books, and records in the company's possession, custody or control:

1. Federal and state tax returns for the company, including all schedules, attachments, and workpapers.

2. All Forms W-2, 940, 941 and 1099 issued by or to the company.

3. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of the company's corporate records or tax returns.

4. Reports and accountants' workpapers concerning preparation of financial records and reports and audits of the company, to include, but not limited to: audited or unaudited financial statements (balance sheet, income statement, etc.) expense and revenue summaries, trial balances, changes in working capital, cash flow analysis, cost analysis, financial forecasts, and correspondence.

5. All notices or correspondence received or sent by or on behalf of the company to or from the Internal Revenue Service, including any applications for extensions of time to file tax returns.

1

6. All documents concerning the formation, creation, operation, and/or dissolution of the company, including, but not limited to, articles of incorporation, articles of organization, amendments, and bylaws.

7. Copies of all minutes of the proceedings of the shareholders of the company.

8. Copies of all minutes of the proceedings of the board of directors of the company.

9. Copies of all minutes of the proceedings of the executive committee of the company.

10. Documentation regarding distributions (taking any form, including, but not limited to in the form of cash, tangible assets, real estate, stock dividends, compensation or loans) to shareholders, directors and employees of the company, including but not limited to, loan agreements and loan re-payment schedules.

11. Records reflecting the issuance, ownership and/or transfer of stock, shares, equity or other ownership interest in the company.

12. All employment records, applications, files, pay statements, copies of checks, benefits, correspondence, dates of employment and leave and such other information as may be included in said records and files of the company's employees for the period of January 1, 2011 to the present.

13. All payroll records for the company for the period of January 1, 2011 to the present.

14. All books of original entry and subsidiary records and other financial records for the company, including, but limited to, General Ledger, General Journals, all Subsidiary Ledgers and Journals, gross receipts and income records, cash receipts and disbursement records and/or Journals, sales and purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records,

2

Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks).

15. Original source records, transaction summary reports, supporting records and documents, and informal workpapers and notes related to, or resulting in entries made in the above-noted books and records, including, but not limited to: bank records, purchase orders, delivery tickets, invoices, paid bills, loan files, and real property records.

16. The company's inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records.

17. The company's records and workpapers reflecting the purchase, basis and depreciable life of assets.

18. The company's records and workpapers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

19. Checking account records for the company, including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

20. Savings account records for the company, including bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited,

3

withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.

21. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased by the company.

22. The company's loan records, including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually.

23. Records of any liens, loans correspondence files and internal memoranda relative to the above-noted loans.

24. All credit card statements for the period from January 1, 2011, through the present for any and all credit cards issued in the company's name.

25. Any rental and/or lease agreements pertaining to the company, either as landlord or as tenant.

26. Any written agreements to which the company is a party, including, but not limited to, contracts to perform work.

27. All other documents and records that the company is required to maintain under federal and/or state law that are not covered by the above categories.

28. Copies of all legal bills, which may be redacted to remove privileged information, and retainer agreements for legal expenses incurred by the company.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.    **Specification Modifications**
      Any modifications or deviations from the Production Specifications may be done only with the express permission of the government. Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the government to facilitate their production.

2.    **Production Format of ESI and Imaged Hard Copy**
      Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 19, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

      a.    **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
      - All TIFF file names shall include the unique Bates number burned into the image.
      - Each Bates number shall be a standard length, include leading zeroes in the number, and be unique for each produced page.
      - All TIFF image files shall be stored with the ".tif" extension.
      - Images shall be OCR'd using a standard COTS products.
      - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
      - No image folder shall contain more than 2000 images.

      b.    **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
      - Image Cross Reference Sample Format:

        ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
        ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
        ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
        ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,         ,

      c.    **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

      - ASCII text delimited load files are defined using the following delimiters:

        | | |
        |---|---|
        | *Field Separator* | *^ or Code 094* |
        | *Text Qualifier* | *\| or Code 124* |
        | *Substitute Carriage Return or New Line* | *() or Code 013* |

1

Laserna Declaration - Exhibit 1
Page 23

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

|BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3. **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g. .doc; .pdf; .wpd) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. | Full Text | Unlimited | ✓ | ✓ | |

3

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
|  | Folder or binder name) |  |  |  |  |  |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited |  | ✓ | ✓ |
| MESSAGEHEADER | Email header.  Can contain IP address | Full Text | Unlimited |  | ✓ |  |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 |  | ✓ |  |
| FILETYPE | Identifies the application that created the file | Note Text | 160 |  | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 |  | ✓ | ✓ |

4. **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**
   De-duplication of exact copies within a custodian's data may be done, but all "filepaths" must be provided for each duplicate document.  The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the government. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the government as additional metadata fields.

5. **Hidden Text**
   All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file.  For files that cannot be expanded the native files shall be produced with the image file.

6. **Embedded Files**
   All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**
   All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**
   a.  All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

    b.   All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

    c.   All objective coding (e.g., document date or document author) should be discussed and produced to the government as additional metadata/database fields.

9.    **Production of Spreadsheets and Presentation Files.** All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). *See* section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10.    **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the government about the format for the production of such databases.

11.    **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12.    **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g. GoTo Meeting, WebEx), and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the government about the format for the production of such data.

13.    **Social Media**
Prior to any production of responsive data from Social Media (e.g., Twitter, Facebook, Google+, LinkedIn, etc.)the producing party shall first discuss with the government the potential export formats before collecting the information.

14.    **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (.xls) format.

15.    **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint etc.) the producing party shall first provide the database

5

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

16. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

17. **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, Document Id or Bates number(s) corresponding to each such image.

18. **Format of ESI from Non-PC or Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, and UNIX machines), the ESI shall be produced after discussion with and written consent of the government about the format for the production of such data.

19. **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

   a. ESI shall be produced in a manner which is functionally useable by the government. The following are examples:
   - AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
   - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
   - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

20. **Bates Number Convention**
All images should be assigned Bates numbers before production to the government. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

| | |
|---|---|
| PREFIX0000001 | PREFIX0000003 |
| PREFIX0000001.001 | PREFIX0000003.001 |
| PREFIX0000001.002 | PREFIX0000003.002 |

6

Laserna Declaration - Exhibit 1
Page 28

USANYE
August 2015

### Specifications for Production of ESI and Digitized ("Scanned") Images
### ("Production Specifications")

21. **Media Formats for Storage and Delivery of Production Data**
    Electronic documents and data shall be delivered on any of the following media:
    a.  CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
    b.  External hard drives [USB 2.0 (or better) or eSATA, formatted to NTFS format specifications] or flash drives.
    c.  Storage media used to deliver ESI shall be appropriate to the size of the data in the production. d. Media should be labeled with the case name, production date, Bates range, and producing party.

22. **Virus Protection and Security for Delivery of Production Data**
    Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the government.

23. **Compliance and Adherence to Generally Accepted Technical Standards**
    Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

24. **Read Me Text File**
    All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25. **Exception Log**
    An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

7

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| United States of America | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR-98-0859 |
| Jordan Ross Belfort | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JB GLOBAL HOLDINGS, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment to Subpoena

| Place: U.S. Attorney's Office, Attn: AUSA Indira Cameron-Banks, 300 N. Los Angeles St., Suite 7516, Los Angeles, California 90012 | Date and Time: 12/01/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/07/2017

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* the United States of America , who issues or requests this subpoena, are:

AUSA Peter A. Laserna, 271-A Cadman Plaza E, Brooklyn, New York 11201, peter.laserna@usdoj.gov, 718-254-6152

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CR-98-0859

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____        on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ 0.00 _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

For all documents, books, and records responsive to the below categories that were created and/or exist as electronically stored information, the production of such information, documents, books, records and any other materials shall be in their native format, with all metadata preserved and produced, in coordination with, and according to the attached Production Specifications, unless otherwise explicitly indicated. Unless otherwise explicitly noted, documents, books, and records requested are for the period beginning January 1, 2011, to the present. At the place and on the date designated in the attached subpoena, you (hereinafter "the company") are to produce the following documents, books, and records in the company's possession, custody or control:

1. Federal and state tax returns for the company, including all schedules, attachments, and workpapers.

2. All Forms W-2, 940, 941 and 1099 issued by or to the company.

3. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of the company's corporate records or tax returns.

4. Reports and accountants' workpapers concerning preparation of financial records and reports and audits of the company, to include, but not limited to: audited or unaudited financial statements (balance sheet, income statement, etc.) expense and revenue summaries, trial balances, changes in working capital, cash flow analysis, cost analysis, financial forecasts, and correspondence.

5. All notices or correspondence received or sent by or on behalf of the company to or from the Internal Revenue Service, including any applications for extensions of time to file tax returns.

1

6. All documents concerning the formation, creation, operation, and/or dissolution of the company, including, but not limited to, articles of incorporation, articles of organization, amendments, and bylaws.

7. Copies of all minutes of the proceedings of the shareholders of the company.

8. Copies of all minutes of the proceedings of the board of directors of the company.

9. Copies of all minutes of the proceedings of the executive committee of the company.

10. Documentation regarding distributions (taking any form, including, but not limited to in the form of cash, tangible assets, real estate, stock dividends, compensation or loans) to shareholders, directors and employees of the company, including but not limited to, loan agreements and loan re-payment schedules.

11. Records reflecting the issuance, ownership and/or transfer of stock, shares, equity or other ownership interest in the company.

12. All employment records, applications, files, pay statements, copies of checks, benefits, correspondence, dates of employment and leave and such other information as may be included in said records and files of the company's employees for the period of January 1, 2011 to the present.

13. All payroll records for the company for the period of January 1, 2011 to the present.

14. All books of original entry and subsidiary records and other financial records for the company, including, but limited to, General Ledger, General Journals, all Subsidiary Ledgers and Journals, gross receipts and income records, cash receipts and disbursement records and/or Journals, sales and purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records,

2

Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks).

15. Original source records, transaction summary reports, supporting records and documents, and informal workpapers and notes related to, or resulting in entries made in the above-noted books and records, including, but not limited to: bank records, purchase orders, delivery tickets, invoices, paid bills, loan files, and real property records.

16. The company's inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records.

17. The company's records and workpapers reflecting the purchase, basis and depreciable life of assets.

18. The company's records and workpapers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

19. Checking account records for the company, including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

20. Savings account records for the company, including bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited,

3

withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.

21. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased by the company.

22. The company's loan records, including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually.

23. Records of any liens, loans correspondence files and internal memoranda relative to the above-noted loans.

24. All credit card statements for the period from January 1, 2011, through the present for any and all credit cards issued in the company's name.

25. Any rental and/or lease agreements pertaining to the company, either as landlord or as tenant.

26. Any written agreements to which the company is a party, including, but not limited to, contracts to perform work.

27. All other documents and records that the company is required to maintain under federal and/or state law that are not covered by the above categories.

28. Copies of all legal bills, which may be redacted to remove privileged information, and retainer agreements for legal expenses incurred by the company.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.  **Specification Modifications**
    Any modifications or deviations from the Production Specifications may be done only with the express permission of the government.  Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the government to facilitate their production.

2.  **Production Format of ESI and Imaged Hard Copy**
    Responsive ESI and imaged hard copy shall be produced in the format outlined below.  All ESI, except as outlined below in sections 9 – 19, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

    a.  **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression).  Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
    - All TIFF file names shall include the unique Bates number burned into the image.
    - Each Bates number shall be a standard length, include leading zeroes in the number, and be unique for each produced page.
    - .All TIFF image files shall be stored with the ".tif" extension.
    - Images shall be OCR'd using a standard COTS products.
    - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
    - No image folder shall contain more than 2000 images.

    b.  **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file.  The Cross Reference file should also contain the image file path for each Bates numbered page.
    - Image Cross Reference Sample Format:

      ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
      ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
      ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
      ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

    c.  **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment.  The file should contain the required fields listed below in section 3.

    - ASCII text delimited load files are defined using the following delimiters:

      | | |
      |---|---|
      | *Field Separator* | *^ or Code 094* |
      | *Text Qualifier* | *\| or Code 124* |
      | *Substitute Carriage Return or New Line* | *() or Code 013* |

1

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

  |BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3. **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g. .doc; .pdf; .wpd) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. | Full Text | Unlimited | ✓ | ✓ | |

3

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | Folder or binder name) | | | | | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | Email header. Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4.   **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**
     De-duplication of exact copies within a custodian's data may be done, but all "filepaths" must be provided for each duplicate document. The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the government. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the government as additional metadata fields.

5.   **Hidden Text**
     All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced with the image file.

6.   **Embedded Files**
     All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7.   **Image-Only Files**
     All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8.   **Hard Copy Records**
     a.   All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.

4

USANYE
August 2015

### Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

b.  All documents shall be produced in black and white TIFF format unless the image requires color.  An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

c.  All objective coding (e.g., document date or document author) should be discussed and produced to the government as additional metadata/database fields.

9.  **Production of Spreadsheets and Presentation Files.**  All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format).  *See* section 18 below.  The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10.  **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc.  For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the government about the format for the production of such databases.

11.  **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12.  **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g. GoTo Meeting, WebEx), and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the government about the format for the production of such data.

13.  **Social Media**
Prior to any production of responsive data from Social Media (e.g., Twitter, Facebook, Google+, LinkedIn, etc.)the producing party shall first discuss with the government the potential export formats before collecting the information.

14.  **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database.  The list of reports shall be provided in native Excel (.xls) format.

15.  **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint etc.) the producing party shall first provide the database

5

USANYE
August 2015

### Specifications for Production of ESI and Digitized ("Scanned") Images
### ("Production Specifications")

dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

16. **Production of Photographs with Native File or Digitized ESI**
    Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

17. **Images from which Text Cannot be OCR Converted**
    An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, Document Id or Bates number(s) corresponding to each such image.

18. **Format of ESI from Non-PC or Windows-based Systems**
    If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, and UNIX machines), the ESI shall be produced after discussion with and written consent of the government about the format for the production of such data.

19. **Production of Native Files (When Applicable Pursuant to These Specifications)**
    Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

    a. ESI shall be produced in a manner which is functionally useable by the government. The following are examples:
       - AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
       - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
       - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

20. **Bates Number Convention**
    All images should be assigned Bates numbers before production to the government. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

    | | |
    |---|---|
    | PREFIX0000001 | PREFIX0000003 |
    | PREFIX0000001.001 | PREFIX0000003.001 |
    | PREFIX0000001.002 | PREFIX0000003.002 |

6

Laserna Declaration - Exhibit 1
Page 42

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

21.    **Media Formats for Storage and Delivery of Production Data**
Electronic documents and data shall be delivered on any of the following media:
   a.  CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
   b.  External hard drives [USB 2.0 (or better) or eSATA, formatted to NTFS format specifications] or flash drives.
   c.  Storage media used to deliver ESI shall be appropriate to the size of the data in the production. d. Media should be labeled with the case name, production date, Bates range, and producing party.

22.    **Virus Protection and Security for Delivery of Production Data**
Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the government.

23.    **Compliance and Adherence to Generally Accepted Technical Standards**
Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

24.    **Read Me Text File**
All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25.    **Exception Log**
An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

7

# EXHIBIT
# 2

Laserna Declaration - Exhibit 2
Page 1

**AFFIDAVIT OF SERVICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Index #: | CR-98-0859 |
| Date Filed: | |
| AOS Filed: | |
| Court Date: | December 1, 2017 |
| File No.: | |

ATTORNEY(S): U.S. Attorney's Office - EDNY Peter A. Laserna, AUSA
ADDRESS: 271 Cadman Plaza East, 8th Floor Brooklyn , NY 11201 PH: (718) 254-6152

**UNITED STATES OF AMERICA,**

                                                 *Plaintiff*

**vs**
**JORDAN ROSS BELFORT,**

                                                 *Defendant*

STATE OF CALIFORNIA, COUNTY OF VENTURA SS.:

_____Stephen A. Raheb_____, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age.          On ___November 17, 2017___ at _____9:19 PM_____ at 1602 THE STRAND, HERMOSA BEACH, CA 90254 _____, deponent served the within **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Attachment to Subpoena**

with Index Number ____CR-98-0859____, and Date Filed _____ endorsed thereon,
on: **JB GLOBAL HOLDINGS, LLC c/o ANNE KOPPE** _____,  **Witness**   therein named.

**#1    INDIVIDUAL**   By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
        ☐          described as said person therein.
**#2   CORP./ENTITY**  By delivering to and leaving with **ANNE KOPPE**
        ☒

**#3   SUITABLE**     By delivering a true copy of each to - a person of suitable age and discretion.
      **AGE PERSON**   Said premises is recipient's  [  ] actual place of business    [  ] dwelling house (usual place of abode) within the state.
        ☐

**#4   AFFIXING**     By affixing a true copy of each to the door of said premises, which is recipient's:    [  ] actual place of business
      **TO DOOR**     [  ] dwelling house (place of abode) within the state.

        ☐           Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on

**#5   MAIL COPY**    On _____, deponent completed service under the last two sections by depositing a copy of the
        ☐           _____ to the above address in a 1st Class
                    postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive
                    care and custody of the United States Post Office in the State of California.

**#6   NON-SRVC**     After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity
        ☐           being served because of the following:  [  ] Unknown at Address    [  ] Evading    [  ] Moved left no forwarding
                    [  ] Address does not exist    [  ] Other:

      **Attempts**

**#7 DESCRIPTION**    A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
        ☒           Sex __Female__   Color of skin __White__   Color of hair __Blonde__   Age __40's__   Height __5ft4in - 5ft8in__
      (use with #1, 2 or 3)  Weight __100-130 Lbs.__   Other Features: _____

**#8   WIT. FEES**    $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.
        ☐
**#9 MILITARYSRVC**   Deponent asked person spoken to whether the defendant was presently in military service of the United States
        ☐           Government or of the State of California and was informed that defendant was not.

**#10   OTHER**       I IDENTIFIED ANNE KOPPE BY A PHOTOGRAPH THAT I HAD OF HER.
        ☒

Sworn to before me on this __2nd__ day of _November 2017_

DENISE MARIE WEESE
COMM. # 2156938
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires June 17, 2020

                                          Stephen A. Raheb
                                          Server's Lic #281
                                          Work Order # 1105385

CAPITAL PROCESS SERVERS, INC. 265 POST AVENUE, STE. 150, WESTBURY, NY 11590 TEL 516-333-6380 FAX 516-333-6382          NYC DCA Lic. # 1381942

Laserna Declaration - Exhibit 2
Page 2

**AFFIDAVIT OF SERVICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Index #:  CR-98-0859
Date Filed: _____
AOS Filed: _____
Court Date:  **December 1, 2017**
File No.: _____

ATTORNEY(S): U.S. Attorney's Office - EDNY  Peter A. Laserna, AUSA
ADDRESS: 271 Cadman Plaza East, 8th Floor  Brooklyn , NY 11201  PH: (718) 254-6152

*UNITED STATES OF AMERICA,*

*vs*                                                                    Plaintiff
*JORDAN ROSS BELFORT,*

                                                                        Defendant

STATE OF CALIFORNIA, COUNTY OF VENTURA SS.:
            Stephen A. Raheb            , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years
of age.              On  November 13, 2017  at        8:19 PM        
at 1602 THE STRAND, HERMOSA BEACH, CA 90254 _____, deponent served the within
**Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Attachment to Subpoena**

with Index Number      CR-98-0859      , and Date Filed _____ endorsed thereon,
on: JB GLOBAL, INC. c/o ANNE KOPPE _____,  **Witness**    therein named.

#1  INDIVIDUAL  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person
    ☐       described as said person therein.
#2  CORP./ENTITY  By delivering to and leaving with **ANNE KOPPE**
    ☒

#3  SUITABLE    By delivering a true copy of each to - a person of suitable age and discretion.
    AGE PERSON  Said premises is recipient's   [  ] actual place of business    [  ] dwelling house (usual place of abode) within the state.
    ☐

#4  AFFIXING    By affixing a true copy of each to the door of said premises, which is recipient's:     [  ] actual place of business
    TO DOOR     [  ] dwelling house (place of abode) within the state.

    ☐       Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on

#5  MAIL COPY   On _____, deponent completed service under the last two sections by depositing a copy of the
    ☐       _____ to the above address in a 1st Class
            postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive
            care and custody of the United States Post Office In the State of California.
#6  NON-SRVC    After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity
    ☐       being served because of the following:  [  ] Unknown at Address    [  ] Evading    [  ] Moved left no forwarding
            [  ] Address does not exist    [  ] Other:

    Attempts

#7 DESCRIPTION  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
   ☒       Sex  Female    Color of skin  White    Color of hair  Blonde   Age  40's       Height  5ft4in - 5ft8in
   (use with #1, 2 or 3)  Weight  100-130 Lbs.    Other Features: _____
#8  WIT. FEES   $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.
    ☐
#9 MILITARYSRVC  Deponent asked person spoken to whether the defendant was presently in military service of the United States
    ☐       Government or of the State of California and was informed that defendant was not.

#10   OTHER    I IDENTIFIED ANNE KOPPE BY A PHOTOGRAPH THAT I HAD OF HER.
      ☒

Sworn to before me on this 22nd day of November 2017

DENISE MARIE WEESE
COMM. # 2156938
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires June 17, 2020

Stephen A. Raheb
Server's Lic #281
Work Order # 1105384

CAPITAL PROCESS SERVERS, INC.: 265 POST AVENUE, STE. 150, WESTBURY, NY 11590  TEL. 516-333-6380 FAX 516-333-6382        NYC DCA Lic. # 1381942

Laserna Declaration - Exhibit 2
Page 3

**AFFIDAVIT OF SERVICE**

| | |
|---|---|
| Index #: | CR-98-0859 |
| Date Filed: | |
| AOS Filed: | |
| Court Date: | December 1, 2017 |
| File No.: | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ATTORNEY(S): U.S. Attorney's Office - EDNY  Peter A. Laserna, AUSA
ADDRESS: 271 Cadman Plaza East, 8th Floor  Brooklyn , NY  11201  PH: (718) 254-6152

**UNITED STATES OF AMERICA,**

*vs*                                                                                        *Plaintiff*

**JORDAN ROSS BELFORT,**

                                                                                            *Defendant*

STATE OF CALIFORNIA, COUNTY OF VENTURA SS.:

_____ Stephen A.  Raheb _____ , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years

of age.            On ___ November 17, 2017 ___ at _____ 9:19 PM _____

at 1602 THE STRAND, HERMOSA BEACH, CA 90254 _____ , deponent served the within

**Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Attachment to Subpoena**

with Index Number _____ CR-98-0859 _____ , and Date Filed _____ endorsed thereon,

on: **GLOBAL MOTIVATION, INC. c/o ANNE KOPPE** _____ ,        **Witness**        therein named.

| #1 | INDIVIDUAL ☐ | By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein. |
|---|---|---|
| #2 | CORP./ENTITY ☒ | By delivering to and leaving with **ANNE KOPPE** |
| #3 | SUITABLE AGE PERSON ☐ | By delivering a true copy of each to - a person of suitable age and discretion. Said premises is recipient's  [  ] actual place of business     [  ] dwelling house (usual place of abode) within the state. |
| #4 | AFFIXING TO DOOR ☐ | By affixing a true copy of each to the door of said premises, which is recipient's:     [  ] actual place of business [  ] dwelling house (place of abode) within the state. |
| | | Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on |
| #5 | MAIL COPY ☐ | On _____ , deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of California. |
| #6 | NON-SRVC ☐ | After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following:  [  ] Unknown at Address     [  ] Evading     [  ] Moved left no forwarding [  ] Address does not exist     [  ] Other: |

**Attempts**

| #7 | DESCRIPTION ☒ (use with #1, 2 or 3) | A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows: Sex _Female_  Color of skin _White_  Color of hair _Blonde_  Age _40's_  Height _5ft4in - 5ft8in_ Weight _100-130 Lbs._  Other Features: _____ |
|---|---|---|
| #8 | WIT. FEES ☐ | $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient. |
| #9 | MILITARYSRVC ☐ | Deponent asked person spoken to whether the defendant was presently in military service of the United States Government or of the State of California and was informed that defendant was not. |
| #10 | OTHER ☒ | I IDENTIFIED ANNE KOPPE BY A PHOTOGRAPH THAT I HAD OF HER. |

Sworn to before me on this ___2nd___ day of _November 2017_

DENISE MARIE WEESE
COMM. # 2156938
NOTARY PUBLIC CALIFORNIA
ORANGE COUNTY
My comm. expires June 17, 2020

Stephen A.  Raheb
Server's Lic #281
Work Order # 1105386

CAPITAL PROCESS SERVERS, INC. 265 POST AVENUE, STE. 150, WESTBURY, NY 11590 TEL. 516-333-6380 FAX 516-333-6382          NYC DCA LIC. # 1381942

# EXHIBIT
# 3

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| United States of America | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR-98-0859 |
| Jordan Ross Belfort | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   GLOBAL MOTIVATION, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment to Subpoena

| Place: U.S. Attorney's Office, Attn: Mark Woolf - Financial Litigation Unit, 100 West Liberty Street, Suite 600, Reno, Nevada 89501 | Date and Time: 12/01/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/07/2017

CLERK OF COURT

_____          OR    _____
    *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____the_____
United States of America_____, who issues or requests this subpoena, are:

AUSA Peter A. Laserna, 271-A Cadman Plaza E, Brooklyn, New York 11201, peter.laserna@usdoj.gov, 718-254-6152

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CR-98-0859

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

For all documents, books, and records responsive to the below categories that were created and/or exist as electronically stored information, the production of such information, documents, books, records and any other materials shall be in their native format, with all metadata preserved and produced, in coordination with, and according to the attached Production Specifications, unless otherwise explicitly indicated. Unless otherwise explicitly noted, documents, books, and records requested are for the period beginning January 1, 2011, to the present. At the place and on the date designated in the attached subpoena, you (hereinafter "the company") are to produce the following documents, books, and records in the company's possession, custody or control:

1.  Federal and state tax returns for the company, including all schedules, attachments, and workpapers.

2.  All Forms W-2, 940, 941 and 1099 issued by or to the company.

3.  All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of the company's corporate records or tax returns.

4.  Reports and accountants' workpapers concerning preparation of financial records and reports and audits of the company, to include, but not limited to: audited or unaudited financial statements (balance sheet, income statement, etc.) expense and revenue summaries, trial balances, changes in working capital, cash flow analysis, cost analysis, financial forecasts, and correspondence.

5.  All notices or correspondence received or sent by or on behalf of the company to or from the Internal Revenue Service, including any applications for extensions of time to file tax returns.

1

6. All documents concerning the formation, creation, operation, and/or dissolution of the company, including, but not limited to, articles of incorporation, articles of organization, amendments, and bylaws.

7. Copies of all minutes of the proceedings of the shareholders of the company.

8. Copies of all minutes of the proceedings of the board of directors of the company.

9. Copies of all minutes of the proceedings of the executive committee of the company.

10. Documentation regarding distributions (taking any form, including, but not limited to in the form of cash, tangible assets, real estate, stock dividends, compensation or loans) to shareholders, directors and employees of the company, including but not limited to, loan agreements and loan re-payment schedules.

11. Records reflecting the issuance, ownership and/or transfer of stock, shares, equity or other ownership interest in the company.

12. All employment records, applications, files, pay statements, copies of checks, benefits, correspondence, dates of employment and leave and such other information as may be included in said records and files of the company's employees for the period of January 1, 2011 to the present.

13. All payroll records for the company for the period of January 1, 2011 to the present.

14. All books of original entry and subsidiary records and other financial records for the company, including, but limited to, General Ledger, General Journals, all Subsidiary Ledgers and Journals, gross receipts and income records, cash receipts and disbursement records and/or Journals, sales and purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records,

2

Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks).

15. Original source records, transaction summary reports, supporting records and documents, and informal workpapers and notes related to, or resulting in entries made in the above-noted books and records, including, but not limited to: bank records, purchase orders, delivery tickets, invoices, paid bills, loan files, and real property records.

16. The company's inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records.

17. The company's records and workpapers reflecting the purchase, basis and depreciable life of assets.

18. The company's records and workpapers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

19. Checking account records for the company, including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

20. Savings account records for the company, including bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited,

withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.

21. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased by the company.

22. The company's loan records, including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually.

23. Records of any liens, loans correspondence files and internal memoranda relative to the above-noted loans.

24. All credit card statements for the period from January 1, 2011, through the present for any and all credit cards issued in the company's name.

25. Any rental and/or lease agreements pertaining to the company, either as landlord or as tenant.

26. Any written agreements to which the company is a party, including, but not limited to, contracts to perform work.

27. All other documents and records that the company is required to maintain under federal and/or state law that are not covered by the above categories.

28. Copies of all legal bills, which may be redacted to remove privileged information, and retainer agreements for legal expenses incurred by the company.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.   **Specification Modifications**
Any modifications or deviations from the Production Specifications may be done only with the express permission of the government. Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the government to facilitate their production.

2.   **Production Format of ESI and Imaged Hard Copy**
Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 19, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

a.   **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
   - All TIFF file names shall include the unique Bates number burned into the image.
   - Each Bates number shall be a standard length, include leading zeroes in the number, and be unique for each produced page.
   - All TIFF image files shall be stored with the ".tif" extension.
   - Images shall be OCR'd using a standard COTS products.
   - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
   - No image folder shall contain more than 2000 images.

b.   **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
   - Image Cross Reference Sample Format:

     ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
     ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
     ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
     ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

c.   **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

   - ASCII text delimited load files are defined using the following delimiters:

     | | |
     |---|---|
     | *Field Separator* | *^ or Code 094* |
     | *Text Qualifier* | *\| or Code 124* |
     | *Substitute Carriage Return or New Line* | *() or Code 013* |

1

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

|BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3.    Required Metadata/Database Fields

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g. .doc; .pdf; .wpd) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. | Full Text | Unlimited | ✓ | ✓ | |

3

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
### ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | Folder or binder name) | | | | | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | Email header. Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4. **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**
   De-duplication of exact copies within a custodian's data may be done, but all "filepaths" must be provided for each duplicate document. The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the government. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the government as additional metadata fields.

5. **Hidden Text**
   All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced with the image file.

6. **Embedded Files**
   All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**
   All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**
   a. All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.

4

### Specifications for Production of ESI and Digitized ("Scanned") Images
### ("Production Specifications")

   b.  All documents shall be produced in black and white TIFF format unless the image requires color.  An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.
   c.  All objective coding (e.g., document date or document author) should be discussed and produced to the government as additional metadata/database fields.

9.  **Production of Spreadsheets and Presentation Files.**  All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format).  *See* section 18 below.  The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10.  **Production of Email Repositories**
     Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc.  For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the government about the format for the production of such databases.

11.  **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
     Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12.  **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
     The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g. GoTo Meeting, WebEx), and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the government about the format for the production of such data.

13.  **Social Media**
     Prior to any production of responsive data from Social Media (e.g., Twitter, Facebook, Google+, LinkedIn, etc.) the producing party shall first discuss with the government the potential export formats before collecting the information.

14.  **Productions of Structured Data**
     Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database.  The list of reports shall be provided in native Excel (.xls) format.

15.  **Productions of Structured Data from Proprietary Applications**
     Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint etc.) the producing party shall first provide the database

Laserna Declaration - Exhibit 3
Page 13

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

16. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

17. **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, Document Id or Bates number(s) corresponding to each such image.

18. **Format of ESI from Non-PC or Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, and UNIX machines), the ESI shall be produced after discussion with and written consent of the government about the format for the production of such data.

19. **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

   a. ESI shall be produced in a manner which is functionally useable by the government. The following are examples:
   - AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
   - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
   - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

20. **Bates Number Convention**
All images should be assigned Bates numbers before production to the government. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

PREFIX0000001   PREFIX0000003
PREFIX0000001.001  PREFIX0000003.001
PREFIX0000001.002  PREFIX0000003.002

6

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

21.   **Media Formats for Storage and Delivery of Production Data**
Electronic documents and data shall be delivered on any of the following media:
   a.   CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
   b.   External hard drives [USB 2.0 (or better) or eSATA, formatted to NTFS format specifications] or flash drives.
   c.   Storage media used to deliver ESI shall be appropriate to the size of the data in the production. d. Media should be labeled with the case name, production date, Bates range, and producing party.

22.   **Virus Protection and Security for Delivery of Production Data**
Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the government.

23.   **Compliance and Adherence to Generally Accepted Technical Standards**
Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

24.   **Read Me Text File**
All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25.   **Exception Log**
An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

7

Laserna Declaration - Exhibit 3
Page 15

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | CR-98-0859 |
| Jordan Ross Belfort | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                             JB GLOBAL HOLDINGS, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment to Subpoena

| Place: U.S. Attorney's Office, Attn: Mark Woolf - Financial Litigation Unit, 100 West Liberty Street, Suite 600, Reno, Nevada 89501 | Date and Time: 12/01/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/07/2017

CLERK OF COURT

_____          OR     *Peter Laser*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      the
United States of America                                , who issues or requests this subpoena, are:

AUSA Peter A. Laserna, 271-A Cadman Plaza E, Brooklyn, New York 11201, peter.laserna@usdoj.gov, 718-254-6152

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CR-98-0859

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                                    *Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

For all documents, books, and records responsive to the below categories that were created and/or exist as electronically stored information, the production of such information, documents, books, records and any other materials shall be in their native format, with all metadata preserved and produced, in coordination with, and according to the attached Production Specifications, unless otherwise explicitly indicated. Unless otherwise explicitly noted, documents, books, and records requested are for the period beginning January 1, 2011, to the present. At the place and on the date designated in the attached subpoena, you (hereinafter "the company") are to produce the following documents, books, and records in the company's possession, custody or control:

1. Federal and state tax returns for the company, including all schedules, attachments, and workpapers.

2. All Forms W-2, 940, 941 and 1099 issued by or to the company.

3. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of the company's corporate records or tax returns.

4. Reports and accountants' workpapers concerning preparation of financial records and reports and audits of the company, to include, but not limited to: audited or unaudited financial statements (balance sheet, income statement, etc.) expense and revenue summaries, trial balances, changes in working capital, cash flow analysis, cost analysis, financial forecasts, and correspondence.

5. All notices or correspondence received or sent by or on behalf of the company to or from the Internal Revenue Service, including any applications for extensions of time to file tax returns.

1

6.  All documents concerning the formation, creation, operation, and/or dissolution of the company, including, but not limited to, articles of incorporation, articles of organization, amendments, and bylaws.

7.  Copies of all minutes of the proceedings of the shareholders of the company.

8.  Copies of all minutes of the proceedings of the board of directors of the company.

9.  Copies of all minutes of the proceedings of the executive committee of the company.

10. Documentation regarding distributions (taking any form, including, but not limited to in the form of cash, tangible assets, real estate, stock dividends, compensation or loans) to shareholders, directors and employees of the company, including but not limited to, loan agreements and loan re-payment schedules.

11. Records reflecting the issuance, ownership and/or transfer of stock, shares, equity or other ownership interest in the company.

12. All employment records, applications, files, pay statements, copies of checks, benefits, correspondence, dates of employment and leave and such other information as may be included in said records and files of the company's employees for the period of January 1, 2011 to the present.

13. All payroll records for the company for the period of January 1, 2011 to the present.

14. All books of original entry and subsidiary records and other financial records for the company, including, but limited to, General Ledger, General Journals, all Subsidiary Ledgers and Journals, gross receipts and income records, cash receipts and disbursement records and/or Journals, sales and purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records,

2

Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks).

15. Original source records, transaction summary reports, supporting records and documents, and informal workpapers and notes related to, or resulting in entries made in the above-noted books and records, including, but not limited to: bank records, purchase orders, delivery tickets, invoices, paid bills, loan files, and real property records.

16. The company's inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records.

17. The company's records and workpapers reflecting the purchase, basis and depreciable life of assets.

18. The company's records and workpapers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

19. Checking account records for the company, including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

20. Savings account records for the company, including bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited,

3

withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.

21. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased by the company.

22. The company's loan records, including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually.

23. Records of any liens, loans correspondence files and internal memoranda relative to the above-noted loans.

24. All credit card statements for the period from January 1, 2011, through the present for any and all credit cards issued in the company's name.

25. Any rental and/or lease agreements pertaining to the company, either as landlord or as tenant.

26. Any written agreements to which the company is a party, including, but not limited to, contracts to perform work.

27. All other documents and records that the company is required to maintain under federal and/or state law that are not covered by the above categories.

28. Copies of all legal bills, which may be redacted to remove privileged information, and retainer agreements for legal expenses incurred by the company.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.    **Specification Modifications**
Any modifications or deviations from the Production Specifications may be done only with the express permission of the government. Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the government to facilitate their production.

2.    **Production Format of ESI and Imaged Hard Copy**
Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 19, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

a.    **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
- All TIFF file names shall include the unique Bates number burned into the image.
- Each Bates number shall be a standard length, include leading zeroes in the number, and be unique for each produced page.
- All TIFF image files shall be stored with the ".tif" extension.
- Images shall be OCR'd using a standard COTS products.
- All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
- No image folder shall contain more than 2000 images.

b.    **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
- Image Cross Reference Sample Format:

      ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
      ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
      ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
      ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

c.    **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

- ASCII text delimited load files are defined using the following delimiters:

      *Field Separator*                           *^ or Code 094*
      *Text Qualifier*                             *| or Code 124*
      *Substitute Carriage Return or New Line*     *() or Code 013*

1

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

|BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3.   **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g. .doc; .pdf; .wpd) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. | Full Text | Unlimited | ✓ | ✓ | |

3

Laserna Declaration - Exhibit 3
Page 25

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | Folder or binder name) | | | | | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | Email header.  Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4. **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**
De-duplication of exact copies within a custodian's data may be done, but all "filepaths" must be provided for each duplicate document.  The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the government. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the government as additional metadata fields.

5. **Hidden Text**
All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file.  For files that cannot be expanded the native files shall be produced with the image file.

6. **Embedded Files**
All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**
All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**
   a. All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

b. All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

c. All objective coding (e.g., document date or document author) should be discussed and produced to the government as additional metadata/database fields.

9. **Production of Spreadsheets and Presentation Files.** All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). *See* section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10. **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the government about the format for the production of such databases.

11. **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12. **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g. GoTo Meeting, WebEx), and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the government about the format for the production of such data.

13. **Social Media**
Prior to any production of responsive data from Social Media (e.g., Twitter, Facebook, Google+, LinkedIn, etc.)the producing party shall first discuss with the government the potential export formats before collecting the information.

14. **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (.xls) format.

15. **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint etc.) the producing party shall first provide the database

5

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

16. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

17. **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, Document Id or Bates number(s) corresponding to each such image.

18. **Format of ESI from Non-PC or Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, and UNIX machines), the ESI shall be produced after discussion with and written consent of the government about the format for the production of such data.

19. **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

    a.  ESI shall be produced in a manner which is functionally useable by the government. The following are examples:
- AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
- GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
- Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

20. **Bates Number Convention**
All images should be assigned Bates numbers before production to the government. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

        PREFIX0000001        PREFIX0000003
        PREFIX0000001.001     PREFIX0000003.001
        PREFIX0000001.002     PREFIX0000003.002

Lasema Declaration - Exhibit 3
Page 28

USANYE
August 2015

### Specifications for Production of ESI and Digitized ("Scanned") Images
### ("Production Specifications")

21.  **Media Formats for Storage and Delivery of Production Data**
     Electronic documents and data shall be delivered on any of the following media:
     a.  CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
     b.  External hard drives [USB 2.0 (or better) or eSATA, formatted to NTFS format specifications] or flash drives.
     c.  Storage media used to deliver ESI shall be appropriate to the size of the data in the production. d. Media should be labeled with the case name, production date, Bates range, and producing party.

22.  **Virus Protection and Security for Delivery of Production Data**
     Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the government.

23.  **Compliance and Adherence to Generally Accepted Technical Standards**
     Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

24.  **Read Me Text File**
     All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25.  **Exception Log**
     An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

7

Laserna Declaration - Exhibit 3
Page 29

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| United States of America | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CR-98-0859 |
| Jordan Ross Belfort | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                               JB GLOBAL, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment to Subpoena

| Place: U.S. Attorney's Office, Attn: Mark Woolf - Financial Litigation Unit, 100 West Liberty Street, Suite 600, Reno, Nevada 89501 | Date and Time: 12/01/2017 10:00 am |
| --- | --- |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/07/2017

                    *CLERK OF COURT*
                                              OR     _____
    _____                    *Attorney's signature*
      *Signature of Clerk or Deputy Clerk*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*       the
United States of America                                    , who issues or requests this subpoena, are:
AUSA Peter A. Laserna, 271-A Cadman Plaza E, Brooklyn, New York 11201, peter.laserna@usdoj.gov, 718-254-6152

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

CR-98-0859

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

For all documents, books, and records responsive to the below categories that were created and/or exist as electronically stored information, the production of such information, documents, books, records and any other materials shall be in their native format, with all metadata preserved and produced, in coordination with, and according to the attached Production Specifications, unless otherwise explicitly indicated. Unless otherwise explicitly noted, documents, books, and records requested are for the period beginning January 1, 2011, to the present. At the place and on the date designated in the attached subpoena, you (hereinafter "the company") are to produce the following documents, books, and records in the company's possession, custody or control:

1. Federal and state tax returns for the company, including all schedules, attachments, and workpapers.

2. All Forms W-2, 940, 941 and 1099 issued by or to the company.

3. All financial statements, bookkeeper's and/or accountant's workpapers used in the preparation of the company's corporate records or tax returns.

4. Reports and accountants' workpapers concerning preparation of financial records and reports and audits of the company, to include, but not limited to: audited or unaudited financial statements (balance sheet, income statement, etc.) expense and revenue summaries, trial balances, changes in working capital, cash flow analysis, cost analysis, financial forecasts, and correspondence.

5. All notices or correspondence received or sent by or on behalf of the company to or from the Internal Revenue Service, including any applications for extensions of time to file tax returns.

1

6. All documents concerning the formation, creation, operation, and/or dissolution of the company, including, but not limited to, articles of incorporation, articles of organization, amendments, and bylaws.

7. Copies of all minutes of the proceedings of the shareholders of the company.

8. Copies of all minutes of the proceedings of the board of directors of the company.

9. Copies of all minutes of the proceedings of the executive committee of the company.

10. Documentation regarding distributions (taking any form, including, but not limited to in the form of cash, tangible assets, real estate, stock dividends, compensation or loans) to shareholders, directors and employees of the company, including but not limited to, loan agreements and loan re-payment schedules.

11. Records reflecting the issuance, ownership and/or transfer of stock, shares, equity or other ownership interest in the company.

12. All employment records, applications, files, pay statements, copies of checks, benefits, correspondence, dates of employment and leave and such other information as may be included in said records and files of the company's employees for the period of January 1, 2011 to the present.

13. All payroll records for the company for the period of January 1, 2011 to the present.

14. All books of original entry and subsidiary records and other financial records for the company, including, but limited to, General Ledger, General Journals, all Subsidiary Ledgers and Journals, gross receipts and income records, cash receipts and disbursement records and/or Journals, sales and purchase records and/or Journals, Accounts Receivable and Payable Ledgers and records, Bad Debt records,

2

Cost of Goods Sold records, Loan Receivable and Payable Ledgers, Voucher Register and all sales and expense invoices including all invoices documenting expenses paid by cash (currency) or bank check (cashier or teller checks) and retained copies of any bank checks (cashier or teller checks).

15. Original source records, transaction summary reports, supporting records and documents, and informal workpapers and notes related to, or resulting in entries made in the above-noted books and records, including, but not limited to: bank records, purchase orders, delivery tickets, invoices, paid bills, loan files, and real property records.

16. The company's inventory records establishing beginning and ending inventories including inventory sheets, work-papers, and valuation records.

17. The company's records and workpapers reflecting the purchase, basis and depreciable life of assets.

18. The company's records and workpapers of sales of corporate assets such records disclosing the dates of purchase and sale, cost and sales price, records establishing or adjusting asset basis.

19. Checking account records for the company, including bank statements, deposit slips, records revealing the identity of checks drawn on the account, checks deposited, all debit and credit memos, and Forms 1099 issued.

20. Savings account records for the company, including bank statements, records reflecting dates and amounts of deposits, withdrawals, interest, debit and credit memos, deposit slips, records reflecting the identity of checks deposited,

3

withdrawal slips, and records disclosing the disposition of withdrawals, Forms 1099, debit and credit memos.

21. Records of any certificates of deposit, money market certificates, U.S. Treasury Notes or Bills purchased by the company.

22. The company's loan records, including applications, financial statements, loan collateral, credit and background investigations required, loan agreements, notes or mortgages, settlement sheets, contracts, retained copies of checks issued for loans, repayment records, including records revealing the date, amount and method of repayment (cash or check), checks used to repay loans and a record disclosing the total amount of discount or interest paid annually.

23. Records of any liens, loans correspondence files and internal memoranda relative to the above-noted loans.

24. All credit card statements for the period from January 1, 2011, through the present for any and all credit cards issued in the company's name.

25. Any rental and/or lease agreements pertaining to the company, either as landlord or as tenant.

26. Any written agreements to which the company is a party, including, but not limited to, contracts to perform work.

27. All other documents and records that the company is required to maintain under federal and/or state law that are not covered by the above categories.

28. Copies of all legal bills, which may be redacted to remove privileged information, and retainer agreements for legal expenses incurred by the company.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

**Collection of Electronically Stored Information (ESI)**
Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1.  **Specification Modifications**
    Any modifications or deviations from the Production Specifications may be done only with the express permission of the government. Any responsive data or documents that exist in locations or native forms not discussed in these Production Specifications remain responsive and, therefore, arrangements should be made with the government to facilitate their production.

2.  **Production Format of ESI and Imaged Hard Copy**
    Responsive ESI and imaged hard copy shall be produced in the format outlined below. All ESI, except as outlined below in sections 9 – 19, shall be rendered to type TIFF image format, and accompanied by a Concordance® Image Cross Reference file. All applicable metadata (see section 3 below) shall be extracted and provided in Concordance® load file format.

    a.  **Image File Format:** All images, paper documents scanned to images, or rendered ESI, shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.
    *   All TIFF file names shall include the unique Bates number burned into the image.
    *   Each Bates number shall be a standard length, include leading zeroes in the number, and be unique for each produced page.
    *   All TIFF image files shall be stored with the ".tif" extension.
    *   Images shall be OCR'd using a standard COTS products.
    *   All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
    *   No image folder shall contain more than 2000 images.

    b.  **Concordance® Image Cross Reference file:** Images should be accompanied by a Concordance® Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page.
    *   Image Cross Reference Sample Format:

        ABC00000001,OLS,D:\DatabaseName\Images\001\ ABC00000001.TIF,Y,,,
        ABC00000002,OLS,D:\DatabaseName\Images\001\ ABC00000002.TIF,,,,
        ABC00000003,OLS,D:\DatabaseName\Images\001\ ABC00000003.TIF,,,,
        ABC00000004,OLS,D:\DatabaseName\Images\001\ ABC00000004.TIF,Y,,,

    c.  **Concordance® Load File:** Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

    *   ASCII text delimited load files are defined using the following delimiters:

        | | |
        |---|---|
        | *Field Separator* | *^ or Code 094* |
        | *Text Qualifier* | *\| or Code 124* |
        | *Substitute Carriage Return or New Line* | *() or Code 013* |

1

USANYE
August 2015

### Specifications for Production of ESI and Digitized ("Scanned") Images
### ("Production Specifications")

- The text file should also contain hyperlinks to applicable native files, such as Microsoft Excel or PowerPoint files.
- There should be one line for every record in a collection.
- The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file.  For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

  |BEGDOC#|^|ENDDOC#|^|DOCID|^|DOCDATE|^|FILENAME|^|TITLE|

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the .txt extension.

3.    **Required Metadata/Database Fields**

- A "✓" denotes that the indicated field should be present in the load file produced.
- "Other ESI" includes non-email or hard copy documents, including but not limited to data discussed in sections 6-9, and 12-19 below.

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| COMPANY | Company/Organization submitting data | Full Text | Unlimited | ✓ | ✓ | ✓ |
| BOX# | Submission/volume/box number | Note Text | 10 | ✓ | ✓ | ✓ |
| CUSTODIAN | Custodian(s)/Source(s) - format: Last, First or ABC Dept | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| AUTHOR | Creator of the document | Note Text | 160 | | | ✓ |
| BEGDOC# | Start Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDDOC# | End Bates (including prefix) - No spaces | Note Text | 60 | ✓ | ✓ | ✓ |
| DOCID | Unique document Bates # or populate with the same value as Start Bates (DOCID = BEGDOC#) | Note Text | 60 | ✓ | ✓ | ✓ |
| PGCOUNT | Page Count | Integer | 10 | ✓ | ✓ | ✓ |
| PARENTID | Parent's DOCID or Parent's Start Bates (for EVERY document including all Child documents) | Note Text | 60 | ✓ | ✓ | ✓ |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | 60 | ✓ | ✓ | ✓ |
| ATTACHLIST | List of Attachment Bates numbers | Multi Entry | Unlimited | | ✓ | ✓ |
| BEGATTACH | Start Bates number of first attachment | Note Text | 60 | ✓ | ✓ | ✓ |
| ENDATTACH | End Bates number of last | Note | 60 | ✓ | ✓ | ✓ |

2

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | attachment | Text | | | | |
| PROPERTIES | Privilege notations, Redacted, Document Withheld Based On Privilege | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Note Text | 60 | ✓ | ✓ | ✓ |
| FROM | Author - format: Last name, First name | Note Text | 160 | | ✓ | ✓ |
| TO | Recipient- format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| CC | Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| BCC | Blind Carbon Copy Recipients - format: Last name, First name | Multi-Entry | Unlimited | | ✓ | ✓ |
| SUBJECT | Subject/Document Title | Note Text | Unlimited | | ✓ | ✓ |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Note Text | Unlimited | | ✓ | |
| DOCDATE | Document Date/Date Sent - Format YYYY/MM/DD | Date Keyed | YYYY/MM/DD | | | ✓ |
| BODY | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited | ✓ | ✓ | ✓ |
| TIMESENT | Time e-mail was sent | Time | 10 | | ✓ | |
| DATECRTD | Date Created | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATESVD | Date Saved | Date | YYYY/MM/DD | | ✓ | ✓ |
| DATEMOD | Date Last Modified | Date Keyed | YYYY/MM/DD | | ✓ | ✓ |
| DATERCVD | Date Received | Date | YYYY/MM/DD | | ✓ | |
| DATEACCD | Date Accessed | Date | YYYY/MM/DD | | ✓ | ✓ |
| FILESIZE | File Size | Note Text | 10 | | | ✓ |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited | | | ✓ |
| APPLICATION | Application used to create native file (e.g. Excel, Outlook, Word) | Note Text | 160 | | ✓ | ✓ |
| FILE EXTENSION | Extension for the file (e.g. .doc; .pdf; .wpd) | Note Text | 10 | | ✓ | ✓ |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited | | ✓ | ✓ |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited | | ✓ | ✓ |
| FOLDERID | E-mail folder path (e.g. Inbox\Active) or Hard Copy container information (e.g. | Full Text | Unlimited | ✓ | ✓ | |

3

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images ("Production Specifications")

| Field name | Field Description | Field Type | Field Value | Hard Copy | E-Mail | Other ESI |
|---|---|---|---|---|---|---|
| | Folder or binder name) | | | | | |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited | ✓ | ✓ | ✓ |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited | | ✓ | ✓ |
| MESSAGEHEADER | Email header. Can contain IP address | Full Text | Unlimited | | ✓ | |
| ATTACHMCOUNT | Number of attachments to an email | Note Text | 10 | | ✓ | |
| FILETYPE | Identifies the application that created the file | Note Text | 160 | | ✓ | ✓ |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 | | ✓ | ✓ |

4. **De-duplication, Near-Duplicate Identification, Email Conversation Threading and Other Culling Procedures**
De-duplication of exact copies within a custodian's data may be done, but all "filepaths" must be provided for each duplicate document. The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate, etc. (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the government. All objective coding (e.g., near dupe ID or e-mail thread ID) shall be discussed and produced to the government as additional metadata fields.

5. **Hidden Text**
All hidden text (e.g. track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced with the image file.

6. **Embedded Files**
All non-graphic embedded objects (Word documents, Excel spreadsheets, .wav files, etc.) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**
All image-only files (non-searchable .pdfs, multi-page TIFFs, Snipping Tool [and other] screenshots, etc., as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**
a. All hard copy material shall reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle. (e.g., staples, paperclips, rubber bands, folders, or tabs in a binder.) The first document in the collection represents the parent document and all other documents will represent the children.

4

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

b. All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

c. All objective coding (e.g., document date or document author) should be discussed and produced to the government as additional metadata/database fields.

9. **Production of Spreadsheets and Presentation Files.** All spreadsheet and presentation files (e.g. Excel, PowerPoint) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format). *See* section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

10. **Production of Email Repositories**
Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall include the "Email" metadata/database fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation with and written consent of the government about the format for the production of such databases.

11. **Production of Items Originally Generated in E-Mail Repositories but Found and Collected Outside of Email Repositories, i.e., "Stand-alone" Items**
Any parent email or other parent items (e.g., calendar, contacts, tasks, notes, etc.) found and collected outside of email repositories (e.g., items having extensions like .MSG, .HTM, .MHT, etc.), shall be produced items with the "Email" metadata fields outlined in section 3, including but not limited to any attachments, maintaining the family (parent/child) relationship.

12. **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g. GoTo Meeting, WebEx), and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the government about the format for the production of such data.

13. **Social Media**
Prior to any production of responsive data from Social Media (e.g., Twitter, Facebook, Google+, LinkedIn, etc.)the producing party shall first discuss with the government the potential export formats before collecting the information.

14. **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks, etc.), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (.xls) format.

15. **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint etc.) the producing party shall first provide the database

5

USANYE
August 2015

### Specifications for Production of ESI and Digitized ("Scanned") Images
### ("Production Specifications")

dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (.xls) format.

16. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page .JPG files with a resolution equivalent to the original image as it was captured/created. All .JPG files shall have extracted metadata/database fields provided in a Concordance® load file format as outlined in section 3 for "Other ESI."

17. **Images from which Text Cannot be OCR Converted**
An exception report shall be provided when limitations of paper digitization software/hardware or attribute conversion do not allow for OCR text conversion of certain images. The report shall include the electronic Bates, Document Id or Bates number(s) corresponding to each such image.

18. **Format of ESI from Non-PC or Windows-based Systems**
If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, and UNIX machines), the ESI shall be produced after discussion with and written consent of the government about the format for the production of such data.

19. **Production of Native Files (When Applicable Pursuant to These Specifications)**
Productions of native files, as called for in these specifications, shall have extracted metadata/database fields provided in a Concordance® load file format as defined in the field specifications for "Other ESI" as outlined in section 3.

    a. ESI shall be produced in a manner which is functionally useable by the government. The following are examples:
- AutoCAD data, e.g., .DWG, .DXF, shall be processed/converted and produced as single-page .JPG image files and accompanied by a Concordance® Image formatted load as described above. The native files shall be placed in a separate folder on the production media and linked by a hyperlink within the text load file.
- GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
- Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

20. **Bates Number Convention**
All images should be assigned Bates numbers before production to the government. The numbers should be "endorsed" (or "burned in") on the actual images. Native files should be assigned a single bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. If suffixes are required, please use "dot notation." Below is a sample of dot notation:

        PREFIX0000001           PREFIX0000003
        PREFIX0000001.001     PREFIX0000003.001
        PREFIX0000001.002     PREFIX0000003.002

6

USANYE
August 2015

## Specifications for Production of ESI and Digitized ("Scanned") Images
## ("Production Specifications")

21.    **Media Formats for Storage and Delivery of Production Data**
Electronic documents and data shall be delivered on any of the following media:
   a.    CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.
   b.    External hard drives [USB 2.0 (or better) or eSATA, formatted to NTFS format specifications] or flash drives.
   c.    Storage media used to deliver ESI shall be appropriate to the size of the data in the production. d. Media should be labeled with the case name, production date, Bates range, and producing party.

22.    **Virus Protection and Security for Delivery of Production Data**
Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the written consent of the government.

23.    **Compliance and Adherence to Generally Accepted Technical Standards**
Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. Government or professional organizations.

24.    **Read Me Text File**
All deliverables shall include a read me text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

25.    **Exception Log**
An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document id or control numbering) assigned during the collection, processing and production phases.

-XXX-

7

# EXHIBIT
# 4

**AFFIDAVIT OF SERVICE**

| | |
|---|---|
| Index #: | CR-98-0859 |
| Date Filed: | |
| AOS Filed: | |
| Court Date: | December 1, 2017 |
| File No.: | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ATTORNEY(S): U.S. Attorney's Office - EDNY  Peter A. Laserna, AUSA
ADDRESS: 271 Cadman Plaza East, 8th Floor  Brooklyn , NY 11201  PH: (718) 254-6152

*UNITED STATES OF AMERICA,*

*Plaintiff*

*vs*

*JORDAN ROSS BELFORT,*

*Defendant*

STATE OF NEVADA, COUNTY OF CLARK SS.:

_____John  Ely_____, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age.    On ___November 16, 2017___ at ___10:23 AM___

at 701 S CARSON STREET, SUITE 200, CARSON CITY, NV 89701 _____, deponent served the within **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Attachment to Subpoena**

with Index Number ___CR-98-0859___, and Date Filed _____ endorsed thereon,
on: **GLOBAL MOTIVATION, INC. - BUSINESS FILINGS INCORPORATED** _____, **Witness**    therein named.

**#1  INDIVIDUAL**  ☐  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2  CORP./ENTITY**  ☒  By delivering to and leaving with **Rebecca Freitas - Intake Agent** who indicated they were authorized to accept service on behalf of the Corporation/Entity.

**#3  SUITABLE AGE PERSON**  ☐  By delivering a true copy of each to  -  a person of suitable age and discretion.
Said premises is recipient's   [   ] actual place of business   [   ] dwelling house (usual place of abode) within the state.

**#4  AFFIXING TO DOOR**  ☐  By affixing a true copy of each to the door of said premises, which is recipient's:   [   ] actual place of business   [   ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on

**#5  MAIL COPY**  ☐  On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of Nevada.

**#6  NON-SRVC**  ☐  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following:   [   ] Unknown at Address   [   ] Evading   [   ] Moved left no forwarding   [   ] Address does not exist   [   ] Other:

**Attempts**

**#7  DESCRIPTION**  ☒  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3)  Sex _Female_  Color of skin _White_  Color of hair _Brown_  Age _21 - 35 Yrs._  Height _Seated_  Weight _131-160 Lbs._  Other Features: _____

**#8  WIT. FEES**  ☐  $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#9  MILITARYSRVC**  ☐  Deponent asked person spoken to whether the defendant was presently in military service of the United States Government or of the State of Nevada and was informed that defendant was not.

**#10  OTHER**  ☐

Sworn to before me on this __20__ day of November 2017

JENNIFER HARHAY
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 04-90266-1
My Appt. Expires June 8, 2020

John  Ely
Server's Lic #R-082291
Work Order # 1105390

**AFFIDAVIT OF SERVICE**

| Index #: | CR-98-0859 |
|---|---|
| Date Filed: | |
| AOS Filed: | |
| Court Date: | December 1, 2017 |
| File No.: | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ATTORNEY(S): U.S. Attorney's Office - EDNY  Peter A. Laserna, AUSA
ADDRESS: 271 Cadman Plaza East, 8th Floor  Brooklyn , NY  11201  PH: (718) 254-6152

*UNITED STATES OF AMERICA,*

*Plaintiff*

*vs*

*JORDAN ROSS BELFORT,*

*Defendant*

STATE OF NEVADA, COUNTY OF CLARK SS.:

_____ John Ely _____ , being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age.        On   November 16, 2017   at   10:23 AM

at 701 S CARSON STREET, SUITE 200, CARSON CITY, NV 89701 _____ , deponent served the within **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Attachment to Subpoena**

with Index Number   CR-98-0859   , and Date Filed _____ endorsed thereon,
on: **JB GLOBAL HOLDINGS, LLC - BUSINESS FILINGS INCORPORATED** _____ , **Witness**   therein named.

#1  INDIVIDUAL  ☐  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

#2  CORP./ENTITY  ☒  By delivering to and leaving with **Rebecca Freitas - Intake Agent** who indicated they were authorized to accept service on behalf of the Corporation/Entity.

#3  SUITABLE AGE PERSON  ☐  By delivering a true copy of each to  -  a person of suitable age and discretion. Said premises is recipient's  [  ] actual place of business  [  ] dwelling house (usual place of abode) within the state.

#4  AFFIXING TO DOOR  ☐  By affixing a true copy of each to the door of said premises, which is recipient's:   [  ] actual place of business  [  ] dwelling house (place of abode) within the state.

☐  Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on

#5  MAIL COPY  ☐  On _____ , deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of Nevada.

#6  NON-SRVC  ☐  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following:  [  ] Unknown at Address  [  ] Evading  [  ] Moved left no forwarding  [  ] Address does not exist  [  ] Other:

**Attempts**

#7 DESCRIPTION  ☒  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3)  Sex  Female   Color of skin  White   Color of hair  Brown   Age  21 - 35 Yrs.   Height  Seated   Weight  131-160 Lbs.   Other Features: _____

#8  WIT. FEES  ☐  $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#9 MILITARYSRVC  ☐  Deponent asked person spoken to whether the defendant was presently in military service of the United States Government or of the State of Nevada and was informed that defendant was not.

#10  OTHER  ☐

Sworn to before me on this  20  day of November 2017 _____

_____

John Ely
Server's Lic #R-082291
Work Order # 1105389

JENNIFER HARHAY
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 04-90266-1
My Appt. Expires June 6, 2020

CAPITAL PROCESS SERVERS, INC. 265 POST A... WESTBURY, NY 11590... 516-333-6380 FAX 516-333-6382   NYC DCA Lic. # 1381942

Laserna Declaration - Exhibit A
Page 3

**AFFIDAVIT OF SERVICE**

Index #:    CR-98-0859
Date Filed:
AOS Filed:
Court Date:    December 1, 2017
File No.:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ATTORNEY(S): U.S. Attorney's Office - EDNY  Peter A. Laserna, AUSA
ADDRESS: 271 Cadman Plaza East, 8th Floor  Brooklyn , NY 11201  PH: (718) 254-6152

**UNITED STATES OF AMERICA,**

vs                                                                      Plaintiff

**JORDAN ROSS BELFORT,**

_____ Defendant

STATE OF NEVADA, COUNTY OF CLARK SS.:

_____John Ely_____, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age.    On    November 16, 2017    at    10:23 AM

at 701 S CARSON STREET, SUITE 200, CARSON CITY, NV 89701 _____, deponent served the within **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and Attachment to Subpoena**

with Index Number ____CR-98-0859____, and Date Filed _____ endorsed thereon,
on: **JB GLOBAL, INC. - BUSINESS FILINGS INCORPORATED** _____, **Witness**   therein named.

**#1  INDIVIDUAL**  ☐  By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2  CORP./ENTITY**  ☒  By delivering to and leaving with **Rebecca Freitas - Intake Agent** who indicated they were authorized to accept service on behalf of the Corporation/Entity.

**#3  SUITABLE AGE PERSON**  ☐  By delivering a true copy of each to  -  a person of suitable age and discretion.  Said premises is recipient's  [   ] actual place of business  [   ] dwelling house (usual place of abode) within the state.

**#4  AFFIXING TO DOOR**  ☐  By affixing a true copy of each to the door of said premises, which is recipient's:  [   ] actual place of business  [   ] dwelling house (place of abode) within the state.

☐  Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat on

**#5  MAIL COPY**  ☐  On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of Nevada.

**#6  NON-SRVC**  ☐  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following:  [   ] Unknown at Address   [   ] Evading   [   ] Moved left no forwarding  [   ] Address does not exist   [   ] Other:

**Attempts**

**#7  DESCRIPTION**  ☒  A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3)  Sex  Female   Color of skin  White   Color of hair  Brown   Age  21 - 35 Yrs.   Height  Seated
Weight  131-160 Lbs.   Other Features: _____

**#8  WIT. FEES**  ☐  $ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#9  MILITARYSRVC**  ☐  Deponent asked person spoken to whether the defendant was presently in military service of the United States Government or of the State of Nevada and was informed that defendant was not.

**#10  OTHER**  ☐

Sworn to before me on this  20  day of  November 2017

_____

JENNIFER HARHAY
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 06028651
My Appt. Expires June 8, 2020

John Ely
Server's Lic #R-0829
Work Order # 1105388

CAPITAL PROCESS SERVERS, INC. 265 POST AVENUE, WESTBURY, NY 11590  PH 516-333-6380  FAX 516-333-6382    Lasema Declaration Exhibit 4c. # 1381942
Page 4

# EXHIBIT
# 5

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, February 8, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C3111465   GLOBAL MOTIVATION INC

| | |
|---|---|
| **Registration Date:** | 10/12/2009 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC STOCK |
| **Status:** | DISSOLVED |
| **Agent for Service of Process:** | ANNE KOPPE |
| | 1602 THE STRAND |
| | HERMOSA BEACH CA 90254 |
| **Entity Address:** | 100 THE STRAND |
| | HERMOSA BEACH CA 90254 |
| **Entity Mailing Address:** | 2711 N SEPULVEDA BLVD, PMB 287 |
| | MANHATTAN BEACH CA 90266 |

| Document Type | File Date | PDF |
|---|---|---|
| DISSOLUTION | 08/05/2016 | |
| SI-NO CHANGE | 09/28/2015 | |
| SI-COMPLETE | 01/30/2015 | |
| REGISTRATION | 10/12/2009 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

Laserna Declaration - Exhibit 5

Business Search - Business E.......es - Business Programs | California Secre.....y of State          Page 2 of 2

**Modify Search**     **New Search**     **Back to Search Results**

Laserna Declaration - Exhibit 5

2/9/2018

ll· 3111465

**FILED**
In the office of the Secretary of State
of the State of California

OCT 1 2 2009

# ARTICLES OF INCORPORATION

## OF

## Global Motivation Inc

FIRST. The name of the corporation is Global Motivation Inc

SECOND. The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

THIRD. The name of the corporation's initial agent for service of process in the State of California is Anne E. Koppe, 304 30th Street, Manhattan Beach, California 90266.

FOURTH. The corporation is authorized to issue one class of shares, designated as "Common Stock", and the total number of shares of Common Stock authorized to be issued is 1,000.

FIFTH. The personal liability of the directors of the corporation for monetary damages for breach of fiduciary duty shall be eliminated to the fullest extent permissible under California law. The corporation is authorized to indemnify its directors and officers to the fullest extent permissible under California law.

IN WITNESS WHEREOF, the undersigned incorporator has executed these Articles of Incorporation on the date below.

Date: October 9, 2009

LegalZoom.com, Inc., Incorporator

By: _____
Eileen Gallo, Assistant Secretary

Laserna Declaration - Exhibit 5
Page 4

# State of California
## Secretary of State

### Statement of Information
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT -- READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

| **S** |

**F382959**

## FILED

In the office of the Secretary of State
of the State of California

### JAN-30 2015

1. **CORPORATE NAME**
GLOBAL MOTIVATION INC

2. **CALIFORNIA CORPORATE NUMBER**
C3111465

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | 100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | 100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | 2711 N SEPULVEDA BLVD PMB 287, MANHATTAN BEACH, CA 90266 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ ANNE KOPPE | 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 8. SECRETARY ANNE KOPPE | 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 9. CHIEF FINANCIAL OFFICER/ JORDAN BELFORT | 100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME JORDAN BELFORT | 100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 11. NAME ANNE KOPPE | 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 12. NAME | ADDRESS | | | |

13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

14. NAME OF AGENT FOR SERVICE OF PROCESS
ANNE KOPPE

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |

**Type of Business**

16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
SALES TRAINING

17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 01/30/2015 | MARC GREBE | BOOKKEEPER | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |



# State of California
## Secretary of State

### Statement of Information

(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**S**

**F842103**

# FILED

In the office of the Secretary of State
of the State of California

**SEP-28 2015**

This Space for Filing Use Only

---

**1. CORPORATE NAME**

GLOBAL MOTIVATION INC

**2. CALIFORNIA CORPORATE NUMBER**

C3111465

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☑ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ | | | | |
| 8. SECRETARY | | | | |
| 9. CHIEF FINANCIAL OFFICER/ | | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME | | | | |
| 11. NAME | | | | |
| 12. NAME | | | | |

**13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:**

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

**14. NAME OF AGENT FOR SERVICE OF PROCESS**

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | | |

**Type of Business**

**16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION**

**17.** BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 09/28/2015 | JORDAN BELFORT | CFO | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

SI-200 (REV 01/2013)

APPROVED BY SECRETARY OF STATE

Laserra Declaration Exhibit 9

Page 6

D1357652



| DISS STK | **State of California** |
|---|---|

**State of California**
**Secretary of State**

3111465

**Domestic Stock Corporation**
**Certificate of Dissolution**

There is no fee for filing a Certificate of Dissolution.

**IMPORTANT – Read Instructions before completing this form.**

**FILED** *Qm*
**Secretary of State**
**State of California**

**AUG 0 5 2016**

*1?C* This Space For Filing Use Only

**Corporate Name**  (Enter the name of the domestic stock corporation exactly as it is of record with the California Secretary of State.)

1. Name of corporation

  Global Motivation Inc

**Required Statements**   (The following statements are required by statute and should not be altered.)

2. A final franchise tax return, as described by California Revenue and Taxation Code section 23332, has been or will be filed with the California Franchise Tax Board, as required under the California Revenue and Taxation Code, Division 2, Part 10.2 (commencing with Section 18401). The corporation has been completely wound up and is dissolved.

**Debts & Liabilities**   (Check the applicable statement. Note: Only one box may be checked.)

3. [X] The corporation's known debts and liabilities have been actually paid.

   [ ] The corporation's known debts and liabilities have been paid as far as its assets permitted.

   [ ] The corporation's known debts and liabilities have been adequately provided for by their assumption and the name and address of the assumer is _____

   [ ] The corporation's known debts and liabilities have been adequately provided for as far as its assets permitted.

   (Specify in an attachment to this certificate (incorporated herein by this reference) the provision made and the address of the corporation, person or governmental agency that has assumed or guaranteed the payment, or the name and address of the depositary with which deposit has been made or other information necessary to enable creditors or others to whom payment is to be made to appear and claim payment.)

   [ ] The corporation never incurred any known debts or liabilities.

**Assets**   (Check the applicable statement. Note: Only one box may be checked.)

4. [X] The known assets have been distributed to the persons entitled thereto.

   [ ] The corporation never acquired any known assets.

**Election**   (Check the "YES" or "NO" box, as applicable  Note: If the "NO" box is checked, a Certificate of Election to Wind Up and Dissolve pursuant to Corporations Code section 1901 must be filed prior to or together with this Certificate of Dissolution.)

5. The election to dissolve was made by the vote of all the outstanding shares.   [X] YES   [ ] NO

**Verification & Execution**   (If additional signature space is necessary, the dated signature(s) with verification(s) may be made on an attachment to this certificate. Any attachments to this certificate are incorporated herein by this reference.)

6. The undersigned constitute(s) the sole director or a majority of the directors now in office. I declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of my own knowledge.

7/28/2016
Date

_____
Signature of Director

_____
Signature of Director

_____
Signature of Director

Anne Koppe
_____
Type or Print Name of Director

Jordan Belfort
_____
Type or Print Name of Director

_____
Type or Print Name of Director

DISS STK (REV 01/2013)                    APPROVED BY SECRETARY OF STATE

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, February 8, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C3344591    JB GLOBAL, INC.

| | |
|---|---|
| **Registration Date:** | 01/21/2011 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC STOCK |
| **Status:** | DISSOLVED |
| **Agent for Service of Process:** | ANNE KOPPE |
| | 1602 THE STRAND |
| | HERMOSA BEACH CA 90254 |
| **Entity Address:** | 100 THE STRAND |
| | HERMOSA BEACH CA 90254 |
| **Entity Mailing Address:** | 2711 N SEPULVEDA BLVD, PMB 287 |
| | MANHATTAN BEACH CA 90266 |

| Document Type | File Date | PDF |
|---|---|---|
| DISSOLUTION | 06/21/2016 | |
| SI-COMPLETE | 01/30/2015 | |
| SI-COMPLETE | 01/29/2014 | |
| REGISTRATION | 01/21/2011 | |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability.**
- If the image is not available online, for information on ordering a copy refer to **Information Requests.**
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests.**
- For help with searching an entity name, refer to **Search Tips.**
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions.**

Laserna Declaration - Exhibit 5
Page 61

**Modify Search**    **New Search**    **Back to Search Results**

Laserna Declaration - Exhibit 5
Page 9
2/9/2018

13344591

**FILED**
In the office of the Secretary of State
of the State of California

JAN 2 1 2011

## ARTICLES OF INCORPORATION

## OF

## JB GLOBAL, INC.

### I

The name of this corporation is JB GLOBAL, INC.

### II

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business, or the practice of a profession permitted to be incorporated by the California Corporations Code.

### III

The name and address in the State of California of this corporation's initial agent for service of process is:

Kristin Young Rayder, Esq.
Law Office of Kristin Young Rayder, APC
9903 Businesspark Avenue, Suite 102
San Diego, CA   92131

### IV

This corporation is authorized to issue only one class of shares of stock; and the total number of shares which this corporation is authorized to issue is 1,000,000.

### V

The liability of the directors of this Corporation for monetary damages shall be eliminated to the fullest extent permissible under California law.

DATED:    January 21, 2011

Kristin Young Rayder,
Incorporator

## State of California
### Secretary of State

**Statement of Information**
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

| S |

**EW36731**

# FILED

In the office of the Secretary of State
of the State of California

**JAN-29 2014**

**1. CORPORATE NAME**
JB GLOBAL, INC.

**2. CALIFORNIA CORPORATE NUMBER**
C3344591

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | 3423 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | 3423 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4 | | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 7. CHIEF EXECUTIVE OFFICER/ ANNE KOPPE | 1700 THE STRAND, MANHATTAN BEACH, CA 90266 | | | |
| 8. SECRETARY ANNE KOPPE | 1700 THE STRAND, MANHATTAN BEACH, CA 90266 | | | |
| 9. CHIEF FINANCIAL OFFICER/ JORDAN BELFORT | 3423 THE STRAND, HERMOSA BEACH, CA 90254 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 10. NAME ANNE KOPPE | 1700 THE STRAND, MANHATTAN BEACH, CA 90266 | | | |
| 11. NAME JORDAN BELFORT | 3423 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| 12. NAME | | | | |

**13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:**

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

**14. NAME OF AGENT FOR SERVICE OF PROCESS**
ANNE KOPPE

| 15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 1700 THE STRAND, MANHATTAN BEACH, CA 90266 | | | |

**Type of Business**

**16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION**
SALES AND PERSUASION TRAINING

**17.** BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 01/29/2014 | MARC GREBE | BOOKKEEPER | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | Page 1 of 1 | APPROVED BY SECRETARY OF STATE |
|---|---|---|

Page 11

# State of California
## Secretary of State

**S**

### Statement of Information
(Domestic Stock and Agricultural Cooperative Corporations)
FEES (Filing and Disclosure): $25.00.
If this is an amendment, see instructions.
**IMPORTANT – READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

### F384302

## FILED

In the office of the Secretary of State
of the State of California

### JAN-30 2015

**1. CORPORATE NAME**

JB GLOBAL, INC.

**2. CALIFORNIA CORPORATE NUMBER**

C3344591

This Space for Filing Use Only

**No Change Statement** (Not applicable if agent address of record is a P.O. Box address. See instructions.)

3. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 17.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 4 and 5 cannot be P.O. Boxes.)

| | CITY | STATE | ZIP CODE |
|---|---|---|---|
| **4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE**<br>100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| **5. STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY**<br>100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| **6. MAILING ADDRESS OF CORPORATION, IF DIFFERENT THAN ITEM 4**<br>2711 N SEPULVEDA BLVD PMB 287, MANHATTAN BEACH, CA 90266 | | | |

**Names and Complete Addresses of the Following Officers** (The corporation must list these three officers. A comparable title for the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| **7. CHIEF EXECUTIVE OFFICER/** | **ADDRESS** | | | |
| ANNE KOPPE | 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| **8. SECRETARY** | **ADDRESS** | | | |
| ANNE KOPPE | 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| **9. CHIEF FINANCIAL OFFICER/** | **ADDRESS** | | | |
| JORDAN BELFORT | 100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |

**Names and Complete Addresses of All Directors, Including Directors Who are Also Officers** (The corporation must have at least one director. Attach additional pages, if necessary.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| **10. NAME** | **ADDRESS** | | | |
| JORDAN BELFORT | 100 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| **11. NAME** | **ADDRESS** | | | |
| ANNE KOPPE | 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |
| **12. NAME** | **ADDRESS** | | | |

**13. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY:**

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 15 must be completed with a California street address, a P.O. Box address is not acceptable. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 15 must be left blank.

**14. NAME OF AGENT FOR SERVICE OF PROCESS**
ANNE KOPPE

| **15. STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL** | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 1602 THE STRAND, HERMOSA BEACH, CA 90254 | | | |

**Type of Business**

**16. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION**
SALES TRAINING

**17. BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE CALIFORNIA SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.**

| 01/30/2015 | MARC GREBE | BOOKKEEPER | |
|---|---|---|---|
| DATE | TYPE/PRINT NAME OF PERSON COMPLETING FORM | TITLE | SIGNATURE |

| SI-200 (REV 01/2013) | Page 1 of 1 | Laser PRINT OFFICE OF THE SECRETARY OF STATE |
|---|---|---|

D1352515



## State of California
### Secretary of State

**3344591**

### Domestic Stock Corporation
### Certificate of Dissolution

**DISS STK**

**FILED** imc
**Secretary of State**
**State of California**

**JUN 2 1 2016**



There is no fee for filing a Certificate of Dissolution.

**IMPORTANT – Read Instructions before completing this form.**

This Space For Filing Use Only

**Corporate Name** (Enter the name of the domestic stock corporation exactly as it is of record with the California Secretary of State.)

1. Name of corporation

JB Global, Inc

**Required Statements** (The following statements are required by statute and should not be altered.)

2. A final franchise tax return, as described by California Revenue and Taxation Code section 23332, has been or will be filed with the California Franchise Tax Board, as required under the California Revenue and Taxation Code, Division 2, Part 10.2 (commencing with Section 18401). The corporation has been completely wound up and is dissolved.

**Debts & Liabilities** (Check the applicable statement. Note: Only one box may be checked.)

3. [X] The corporation's known debts and liabilities have been actually paid.

☐ The corporation's known debts and liabilities have been paid as far as its assets permitted.

☐ The corporation's known debts and liabilities have been adequately provided for by their assumption and the name and address of the assumer is _____

☐ The corporation's known debts and liabilities have been adequately provided for as far as its assets permitted.
(Specify in an attachment to this certificate (incorporated herein by this reference) the provision made and the address of the corporation, person or governmental agency that has assumed or guaranteed the payment, or the name and address of the depositary with which deposit has been made or other information necessary to enable creditors or others to whom payment is to be made to appear and claim payment.)

☐ The corporation never incurred any known debts or liabilities.

**Assets** (Check the applicable statement. Note: Only one box may be checked.)

4. [X] The known assets have been distributed to the persons entitled thereto.

☐ The corporation never acquired any known assets.

**Election** (Check the "YES" or "NO" box, as applicable. Note: If the "NO" box is checked, a Certificate of Election to Wind Up and Dissolve pursuant to Corporations Code section 1901 must be filed prior to or together with this Certificate of Dissolution.)

5. The election to dissolve was made by the vote of all the outstanding shares. [X] YES ☐ NO

**Verification & Execution** (If additional signature space is necessary, the dated signature(s) with verification(s) may be made on an attachment to this certificate. Any attachments to this certificate are incorporated herein by this reference.)

6. The undersigned constitute(s) the sole director or a majority of the directors now in office. I declare under penalty of perjury under the laws of the State of California that the matters set forth in this certificate are true and correct of my own knowledge.

6/16/2016
Date

_____
Signature of Director

Anne Koppe
Type or Print Name of Director

_____
Signature of Director

Jordan Belfort
Type or Print Name of Director

_____
Signature of Director

_____
Type or Print Name of Director

DISS STK (REV 01/2013)

APPROVED BY SECRETARY OF STATE

**Alex Padilla**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Thursday, February 8, 2018. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## 201033510127   JB GLOBAL HOLDINGS, LLC

| | |
|---|---|
| **Registration Date:** | 11/23/2010 |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Type:** | DOMESTIC |
| **Status:** | CANCELED |
| **Agent for Service of Process:** | ANNE KOPPE |
| | 100 THE STRAND |
| | HERMOSA BEACH CA 90254 |
| **Entity Address:** | 100 THE STRAND |
| | HERMOSA BEACH CA 90254 |
| **Entity Mailing Address:** | 2711 N SEPULVEDA BLVD #287 |
| | MANHATTAN BEACH CA 90254 |
| **LLC Management** | Managers |

| Document Type | File Date | PDF |
|---|---|---|
| CANCELLATION | 06/03/2016 | |
| SI-COMPLETE | 02/27/2015 | |
| SI-COMPLETE | 10/25/2012 | |
| REGISTRATION | 11/23/2010 | |

\* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability.**
- If the image is not available online, for information on ordering a copy refer to **Information Requests.**
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests.**
- For help with searching an entity name, refer to **Search Tips.**
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions.**

Laserna Declaration - Exhibit 5
Page 11
2/9/2018

Business Search - Business Entities - Business Programs | California Secretary of State          Page 2 of 2

**Modify Search**     **New Search**     **Back to Search Results**

Laserna Declaration - Exhibit 5
Page 15
2/9/2018

Nov. 19. 2010 11:27AM

No. 3748  P. 2

**2 0 1 0 3 3 5 1 0 1 2 7**



LLC-1   File # _____

# State of California
## Secretary of State

FILED
in the office of the Secretary of State
of the State of California

**NOV 23 2010**

### Limited Liability Company
### Articles of Organization

A $70.00 filing fee must accompany this form.

**Important – Read Instructions before completing this form.**

This Space For Filing Use Only

---

**Entity Name** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

**1. NAME OF LIMITED LIABILITY COMPANY**

JB GLOBAL HOLDINGS, LLC

---

**Purpose** (The following statement is required by statute and should not be altered.)

**2.** THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

---

**Initial Agent for Service of Process** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

**3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS**

KRISTIN YOUNG RAYDER, ESQ.

---

**4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA     CITY          STATE     ZIP CODE**

9903 BUSINESSPARK AVENUE SUITE 102              SAN DIEGO  CA     92131

---

**Management** (Check only one)

**5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:**

☐ ONE MANAGER

☑ MORE THAN ONE MANAGER

☐ ALL LIMITED LIABILITY COMPANY MEMBER(S)

---

**Additional Information**

**6.** ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

---

**Execution**

**7.** I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

NOVEMBER 19, 2010

**DATE**

SIGNATURE OF ORGANIZER

KRISTIN YOUNG RAYDER

TYPE OR PRINT NAME OF ORGANIZER

---

LLC-1 (REV 04/2010)

APPROVED BY SECRETARY OF STATE

Page 16

# State of California
## Secretary of State



**L**

### STATEMENT OF INFORMATION
(Limited Liability Company)

Filing Fee $20.00.  If this is an amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**91**

**FILED**
Secretary of State
State of California

**OCT 2 5 2012**

This Space For Filing Use Only

**1   LIMITED LIABILITY COMPANY NAME**
JB GLOBAL HOLDINGS, LLC

**File Number and State or Place of Organization**

| 2   SECRETARY OF STATE FILE NUMBER | 3   STATE OR PLACE OF ORGANIZATION (If formed outside of California) |
|---|---|
| 201033510127 | |

**No Change Statement**

4   If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no statement of information has been previously filed, this form must be completed in its entirety.

☐   If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to item 15.

**Complete Addresses for the Following** (Do not abbreviate the name of the city   Items 5 and 7 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 5   STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE<br>3423 The Strand | | Hermosa Beach | CA | 90254 |
| 6   MAILING ADDRESS OF LLC, IF DIFFERENT THAN ITEM 5 | | CITY | STATE | ZIP CODE |
| 7   CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (DOMESTIC ONLY)<br>3423 The Strand | | Hermosa Beach | CA | 90254 |

**Name and Complete Address of the Chief Executive Officer, If Any**

| 8   NAME<br>Jordan Belfort | ADDRESS<br>3423 The Strand | CITY<br>Hermosa Beach | STATE | ZIP CODE<br>90254 |
|---|---|---|---|---|

**Name and Complete Address of Any Manager or Managers, or If None Have Been Appointed or Elected, Provide the Name and Address of Each Member** (Attach additional pages, if necessary )

| 9   NAME<br>Anne Koppe | ADDRESS<br>501 Manhattan Ave | CITY<br>Manhattan Beach, CA | STATE | ZIP CODE<br>90266 |
|---|---|---|---|---|
| 10   NAME<br>Jordan Belfort | ADDRESS<br>3423 The Strand | CITY<br>Hermosa Beach, CA | STATE | ZIP CODE<br>90254 |
| 11   NAME | ADDRESS | CITY | STATE | ZIP CODE |

**Agent for Service of Process**  If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address, a P.O Box is not acceptable  If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 13 must be left blank.

| 12   NAME OF AGENT FOR SERVICE OF PROCESS<br>Jordan Belfort | | | | |
|---|---|---|---|---|
| 13   STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL<br>3423 The Strand | CITY<br>Hermosa Beach | | STATE<br>CA | ZIP CODE<br>90254 |

**Type of Business**

14   DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY
Investing

15   THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 7/18/2012 | Anne Koppe | CEO | |
|---|---|---|---|
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

LLC-12 (REV 01/2012)                                                APPROVED BY SECRETARY OF STATE

**State of California**
Secretary of State

**L**

**STATEMENT OF INFORMATION**
(Limited Liability Company)

**29**

Filing Fee $20.00. If this is an amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

**FILED**
Secretary of State
State of California

**FEB 27 2015**

1. **LIMITED LIABILITY COMPANY NAME**

JB Global Holdings LLC

This Space For Filing Use Only

**File Number and State or Place of Organization**

2. **SECRETARY OF STATE FILE NUMBER** 201033510127 –

3. **STATE OR PLACE OF ORGANIZATION (If formed outside of California)**

**No Change Statement**

4. If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no Statement of Information has been previously filed, this form must be completed in its entirety.

☐ If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to Item 15.

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 5 and 7 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 5. STREET ADDRESS OF PRINCIPAL OFFICE | 100 The Strand | Hermosa Beach, CA | | 90254 |
| 6. MAILING ADDRESS OF LLC, IF DIFFERENT THAN ITEM 5 | 2711 N Sepulveda Blvd #287 | Manhattan Beach, CA | | 90254 |
| 7. STREET ADDRESS OF CALIFORNIA OFFICE | 100 The Strand | Hermosa Beach | CA | 90254 |

**Name and Complete Address of the Chief Executive Officer, If Any**

| 8. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

**Name and Complete Address of Any Manager or Managers, or if None Have Been Appointed or Elected, Provide the Name and Address of Each Member** (Attach additional pages, if necessary.)

| | NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| 9. | Anne Koppe | 1602 The Strand | Hermosa Beach, CA | | 90254 |
| 10. | Jordan Belfort | 100 The Strand | Hermosa Beach, CA | | 90254 |
| 11. | | | | | |

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address, a P.O. Box is not acceptable. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 13 must be left blank.

12. **NAME OF AGENT FOR SERVICE OF PROCESS**
Anne Koppe

13. **STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL**  CITY  STATE  ZIP CODE
1602 The Strand   Hermosa Beach   CA   90254

**Type of Business**

14. **DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY**
Investing

15. THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| 2/17/2015 | Anne Koppe | President | |
|---|---|---|---|
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

LLC-12 (REV 01/2014)    APPROVED BY SECRETARY OF STATE

| LLC-4/7 | Certificate of Cancellation of a Limited Liability Company (LLC) |
|---------|---------------------------------------------|

To cancel the Articles of Organization of a California LLC, or the Certificate of Registration of a registered foreign LLC, you can fill out this form, and submit for filing.

- There is no filing fee, however, a non-refundable $15 service fee must be included, if you drop off the completed form.
- To file this form, the status of your LLC must be active on the records of the California Secretary of State. To check the status of the LLC, go to kepler.sos.ca.gov.

*Important!* California LLCs only: This form must be filed after or together with a Certificate of Dissolution (Form LLC-3). However, if the vote to dissolve was made by all of the members and that fact is noted in Item 4 below, Form LLC-3 is not required.

Note: *Before submitting the completed form,* you should consult with a private attorney for advice about your specific business needs. It is recommended for proof of submittal that if this form is mailed, it be sent by Certified Mail with Return Receipt Requested.

**FILED** P⁵¹

Secretary of State
State of California

**JUN 0 3 2016**

This Space For Office Use Only

For questions about this form, go to *www.sos.ca.gov/business-programs/business-entities/filing-tips.*

| 1. LLC's Exact Name in CA (on file with CA Secretary of State) | 2. LLC File No. (issued by CA Secretary of State) |
|---|---|
| JB Global Holdings, LLC | 201033510127 |

**Tax Liability** (The following statement should not be altered. For information about final tax returns, go to https://www.ftb.ca.gov or call the California Franchise Tax Board at (800) 852-5711 (from within the U.S.) or (916) 845-6500 (from outside the U.S.).)

3.  All final returns required under the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**Dissolution** (California LLCs ONLY: Check the box if the vote to dissolve was made by the vote of all the members.)

4.  [X] The dissolution was made by the vote of all of the members.

**Additional Information** (If any, list any other Information the persons filing this form determine to include.)

5.  _____

_____

**Cancellation** (The following statement should not be altered.)

6.  Upon the effective date of this Certificate of Cancellation, this LLC's Articles of Organization (CA LLCs) or Certificate of Registration (registered foreign LLCs) will be cancelled and its powers, rights and privileges will cease in California.

**Read and sign below:** For California LLCs: This form must be signed by the managers, unless the LLC has had no members for 90 consecutive days, in which case the form must be signed by the person(s) authorized to wind up the LLC's affairs. For registered foreign LLCs: This form must be signed by a person authorized to so do under the laws of the foreign jurisdiction. If the signing person is a trust or another entity, go to www.sos.ca.gov/business-programs/business-entities/filing-tips for more information. If you need more space, attach extra pages that are 1-sided and on standard letter-sized paper (8 1/2" x 11"). All attachments are part of this document.

| Sign here | Anne Koppe | Manager |
|---|---|---|
| | *Print your name here* | *Your business title* |
| Sign here | Jordan Belfort | Manager |
| | *Print your name here* | *Your business title* |

| Make check/money order payable to: Secretary of State | By Mail | Drop-Off |
|---|---|---|
| To get a copy of the filed document, include a separate request and payment for copy fees when the document is submitted. Copy fees are $1 for the first page and $.50 for each additional page. For certified copies, there is an additional $5 certification fee, per copy. | Secretary of State Business Entities, P.O. Box 944228 Sacramento, CA 94244-2280 | Secretary of State 1500 11th Street., 3rd Floor Sacramento, CA 95814 |

Corporations Code §§ 17702.03, 17707.04, 17707.08, 17708.06
LLC-4/7 (REV 01/2016)

2016 California Secretary of State
www.sos.ca.gov/business-programs

# EXHIBIT
# 6

Laserna Declaration - Exhibit 6
Page 1

# GLOBAL MOTIVATION INC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 5/17/2016 |
| Type: | Domestic Corporation | Entity Number: | E0225422016-3 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2018 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20161292531 | Business License Exp: | 5/31/2018 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | BUSINESS FILINGS INCORPORATED | Address 1: | 701 S CARSON ST STE 200 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Other | | |
| Jurisdiction: | DELAWARE | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 1,000.00 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers                                                          ☐ Include Inactive Officers

**Treasurer - JORDAN BELFORT**

| | | | |
|---|---|---|---|
| Address 1: | 418 BITLERS RD | Address 2: | |
| City: | ZEPHRY COVE | State: | NV |
| Zip Code: | 89448 | Country: | USA |
| Status: | Active | Email: | |

**Director - JORDAN BELFORT**

| | | | |
|---|---|---|---|
| Address 1: | 418 BITLERS RD | Address 2: | |
| City: | ZEPHRY COVE | State: | NV |
| Zip Code: | 89448 | Country: | USA |
| Status: | Active | Email: | |

**President - ANNE KOPPE**

Laserna Declaration - Exhibit 6
Page 2

Case 3:18-cv-00139-MMD-VPC    Document 1    Filed 03/29/18    Page 132 of 151

| Address 1: | 418 BITLERS RD | Address 2: | |
|---|---|---|---|
| City: | ZEPHYR COVE | State: | NV |
| Zip Code: | 89448 | Country: | USA |
| Status: | Active | Email: | |

**Secretary - ANNE KOPPE**

| Address 1: | 418 BITLERS RD | Address 2: | |
|---|---|---|---|
| City: | ZEPHYR COVE | State: | NV |
| Zip Code: | 89448 | Country: | USA |
| Status: | Active | Email: | |

**Director - ANNE KOPPE**

| Address 1: | 418 BITLERS RD | Address 2: | |
|---|---|---|---|
| City: | ZEPHRY COVE | State: | NV |
| Zip Code: | 89448 | Country: | USA |
| Status: | Active | Email: | |

## Actions\Amendments

| Action Type: | Domestication | | |
|---|---|---|---|
| Document Number: | 20160222830-96 | # of Pages: | 1 |
| File Date: | 5/17/2016 | Effective Date: | |

(No notes for this action)

| Action Type: | Articles of Incorporation | | |
|---|---|---|---|
| Document Number: | 20160222831-07 | # of Pages: | 1 |
| File Date: | 5/17/2016 | Effective Date: | |

Initial Stock Value: No Par Value Shares: 1,000 ———————————————————— Total Authorized Capital: $ 0.00

| Action Type: | Miscellaneous | | |
|---|---|---|---|
| Document Number: | 20160222832-18 | # of Pages: | 1 |
| File Date: | 5/17/2016 | Effective Date: | |

(No notes for this action)

| Action Type: | Initial List | | |
|---|---|---|---|
| Document Number: | 20160248838-12 | # of Pages: | 2 |
| File Date: | 6/1/2016 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20170121504-23 | # of Pages: | 2 |
| File Date: | 3/21/2017 | Effective Date: | |

(No notes for this action)

Laserna Declaration - Exhibit 6

Case 3:18-cv-00139-MMD-VPC    Document 1    Filed 03/29/18    Page 133 of 151

# JB GLOBAL HOLDINGS, LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 4/26/2016 |
| Type: | Domestic Limited-Liability Company | Entity Number: | E0190072016-8 |
| Qualifying State: | NV | List of Officers Due: | 4/30/2018 |
| Managed By: | Managing Members | Expiration Date: | |
| NV Business ID: | NV20161247400 | Business License Exp: | 4/30/2018 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | BUSINESS FILINGS INCORPORATED | Address 1: | 701 S CARSON ST STE 200 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Other | | |
| Jurisdiction: | DELAWARE | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers      ☐ Include Inactive Officers

**Managing Member - JORDAN BELFORT**

| | | | |
|---|---|---|---|
| Address 1: | PO BOX 1901 | Address 2: | |
| City: | ZEPHRY COVE | State: | NV |
| Zip Code: | 89448 | Country: | |
| Status: | Active | Email: | |

**Managing Member - ANNE KOPPE**

| | | | |
|---|---|---|---|
| Address 1: | PO BOX 1901 | Address 2: | |
| City: | ZEPHRY COVE | State: | NV |
| Zip Code: | 89448 | Country: | |
| Status: | Active | Email: | |

Laserna Declaration - Exhibit 6
Page 4

Case 3:18-cv-00139-MMD-VPC    Document 1    Filed 03/29/18    Page 134 of 151

## Actions\Amendments

| Action Type: | Articles of Organization | | |
|---|---|---|---|
| Document Number: | 20160186101-96 | # of Pages: | 1 |
| File Date: | 4/26/2016 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Domestication | | |
| Document Number: | 20160186102-07 | # of Pages: | 1 |
| File Date: | 4/26/2016 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Initial List | | |
| Document Number: | 20160205852-91 | # of Pages: | 1 |
| File Date: | 5/5/2016 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20170182355-94 | # of Pages: | 1 |
| File Date: | 4/27/2017 | Effective Date: | |
| (No notes for this action) | | | |

Laserna Declaration - Exhibit 6
Page 5

Case 3:18-cv-00139-MMD-VPC    Document 1    Filed 03/29/18    Page 135 of 151

# JB GLOBAL, INC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 5/19/2016 |
| Type: | Domestic Corporation | Entity Number: | E0234662016-2 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2018 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV20161305128 | Business License Exp: | 5/31/2018 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | BUSINESS FILINGS INCORPORATED | Address 1: | 701 S CARSON ST STE 200 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Other | | |
| Jurisdiction: | DELAWARE | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 1,000,000.00 | Capital Amount: | $ 0 |

No stock records found for this company

## Officers                                ☐ Include Inactive Officers

**Treasurer - JORDAN BELFORT**

| | | | |
|---|---|---|---|
| Address 1: | 418 BITLER RD | Address 2: | |
| City: | ZEPHYR COVE | State: | NV |
| Zip Code: | 89448 | Country: | |
| Status: | Active | Email: | |

**Director - JORDAN BELFORT**

| | | | |
|---|---|---|---|
| Address 1: | 418 BITLER RD | Address 2: | |
| City: | ZEPHYR COVE | State: | NV |
| Zip Code: | 89448 | Country: | |
| Status: | Active | Email: | |

**President - ANNE KOPPE**

Laserna Declaration - Exhibit 6
Page 6

Case 3:18-cv-00139-MMD-VPC   Document 1   Filed 03/29/18   Page 136 of 151

| Address 1: | 418 BITLER RD | Address 2: | |
|---|---|---|---|
| City: | ZEPHYR COVE | State: | NV |
| Zip Code: | 89448 | Country: | |
| Status: | Active | Email: | |

**Secretary - ANNE KOPPE**

| Address 1: | 418 BITLER RD | Address 2: | |
|---|---|---|---|
| City: | ZEPHYR COVE | State: | NV |
| Zip Code: | 89448 | Country: | |
| Status: | Active | Email: | |

**Director - ANNE KOPPE**

| Address 1: | 418 BITLER RD | Address 2: | |
|---|---|---|---|
| City: | ZEPHYR COVE | State: | NV |
| Zip Code: | 89448 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| Action Type: | Miscellaneous | | |
|---|---|---|---|
| Document Number: | 00010309006-29 | # of Pages: | 1 |
| File Date: | 5/19/2016 | Effective Date: | |

(No notes for this action)

| Action Type: | Articles of Incorporation | | |
|---|---|---|---|
| Document Number: | 20160229780-27 | # of Pages: | 1 |
| File Date: | 5/19/2016 | Effective Date: | |

Initial Stock Value: No Par Value Shares: 1,000,000 ——————————————— Total Authorized Capital: $ 0.00

| Action Type: | Domestication | | |
|---|---|---|---|
| Document Number: | 20160229781-38 | # of Pages: | 1 |
| File Date: | 5/19/2016 | Effective Date: | |

(No notes for this action)

| Action Type: | Initial List | | |
|---|---|---|---|
| Document Number: | 20160377395-83 | # of Pages: | 2 |
| File Date: | 8/25/2016 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20170236181-41 | # of Pages: | 2 |
| File Date: | 5/31/2017 | Effective Date: | |

(No notes for this action)

Laserna Declaration - Exhibit 6
Page 7

# EXHIBIT
# 7



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

December 20, 2017

<u>By Regular Mail</u>
GLOBAL MOTIVATION, INC.
c/o ANNE KOPPE
1602 THE STRAND
HERMOSA BEACH, CA 90254

   Re: *United States of America v. Jordan Ross Belfort,*
     <u>Criminal Docket No. CR-98-0859 (E.D.N.Y.)</u>

To whom it may concern:

   A document subpoena concerning the above-referenced case was served on GLOBAL MOTIVATION, INC., care of its registered agent and director, Anne Koppe, on November 17, 2017. The deadline to produce documents responsive to the subpoena was Friday, December 1, 2017. The deadline to serve a written objection to the subpoena was also on Friday, December 1, 2017. <u>See</u> Fed. R. Civ. P. 45(d)(2)(B). As of the transmission of this letter, GLOBAL MOTIVATION, INC., has failed to produce any documents or serve a written objection in response to the document subpoena.

   Accordingly, we hereby demand that GLOBAL MOTIVATION, INC., comply with the document subpoena and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018. If GLOBAL MOTIVATION, INC., does not comply with the document subpoena by that date, it will result in our office seeking a court order compelling compliance with the subpoena and granting any additional appropriate relief. If you wish to discuss these matters, please have an authorized representative of GLOBAL MOTIVATION, INC., contact me at the telephone number below.

             Very truly yours,

             BRIDGET M. ROHDE
             Acting United States Attorney

By:            

             Peter A. Laserna
             Assistant U.S. Attorney
             (718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 20, 2017

By Regular Mail
JB GLOBAL, INC.
c/o ANNE KOPPE
1602 THE STRAND
HERMOSA BEACH, CA 90254

     Re:    *United States of America v. Jordan Ross Belfort,*
            Criminal Docket No. CR-98-0859 (E.D.N.Y.)

To whom it may concern:

     A document subpoena concerning the above-referenced case was served on JB Global, Inc., care of its registered agent and director, Anne Koppe, on November 13, 2017. The deadline to produce documents responsive to the subpoena was Friday, December 1, 2017. The deadline to serve a written objection to the subpoena was November 27, 2017. See Fed. R. Civ. P. 45(d)(2)(B). As of the transmission of this letter, JB Global, Inc., has failed to produce any documents or serve a written objection in response to the document subpoena.

     Accordingly, we hereby demand that JB Global, Inc., comply with the document subpoena and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018. If JB Global, Inc., does not comply with the document subpoena by that date, it will result in our office seeking a court order compelling compliance with the subpoena and granting any additional appropriate relief. If you wish to discuss these matters, please have an authorized representative of JB Global, Inc., contact me at the telephone number below.

                    Very truly yours,

                    BRIDGET M. ROHDE
                    Acting United States Attorney

By:            *[signature]*

                    Peter A. Laserna
                    Assistant U.S. Attorney
                    (718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 20, 2017

By Regular Mail
JB GLOBAL HOLDINGS, LLC
c/o ANNE KOPPE
1602 THE STRAND
HERMOSA BEACH, CA 90254

> Re:   *United States of America v. Jordan Ross Belfort,*
> Criminal Docket No. CR-98-0859 (E.D.N.Y.)

To whom it may concern:

A document subpoena concerning the above-referenced case was served on JB GLOBAL HOLDINGS, LLC, care of its registered agent and manager, Anne Koppe, on November 17, 2017. The deadline to produce documents responsive to the subpoena was Friday, December 1, 2017. The deadline to serve a written objection to the subpoena was also on Friday, December 1, 2017. See Fed. R. Civ. P. 45(d)(2)(B). As of the transmission of this letter, JB GLOBAL HOLDINGS, LLC, has failed to produce any documents or serve a written objection in response to the document subpoena.

Accordingly, we hereby demand that JB GLOBAL HOLDINGS, LLC, comply with the document subpoena and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018. If JB GLOBAL HOLDINGS, LLC, does not comply with the document subpoena by that date, it will result in our office seeking a court order compelling compliance with the subpoena and granting any additional appropriate relief. If you wish to discuss these matters, please have an authorized representative of JB GLOBAL HOLDINGS, LLC, contact me at the telephone number below.

Very truly yours,

BRIDGET M. ROHDE
Acting United States Attorney

By: *Peter Laserna*

Peter A. Laserna
Assistant U.S. Attorney
(718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 20, 2017

By Regular Mail
GLOBAL MOTIVATION, INC.
c/o Business Filings Incorporated
701 S Carson Street
Suite 200
Carson City, Nevada 89701

      Re:   *United States of America v. Jordan Ross Belfort,*
             Criminal Docket No. CR-98-0859 (E.D.N.Y.)

To whom it may concern:

      A document subpoena concerning the above-referenced case was served on GLOBAL MOTIVATION, INC., care of its registered agent, Business Filings Incorporated, on November 16, 2017. The deadline to produce documents responsive to the subpoena was Friday, December 1, 2017. The deadline to serve a written objection to the subpoena was on November 30, 2017. See Fed. R. Civ. P. 45(d)(2)(B). As of the transmission of this letter, GLOBAL MOTIVATION, INC., has failed to produce any documents or serve a written objection in response to the document subpoena.

      Accordingly, we hereby demand that GLOBAL MOTIVATION, INC., comply with the document subpoena and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018. If GLOBAL MOTIVATION, INC., does not comply with the document subpoena by that date, it will result in our office seeking a court order compelling compliance with the subpoena and granting any additional appropriate relief. If you wish to discuss these matters, please have an authorized representative of GLOBAL MOTIVATION, INC., contact me at the telephone number below.

                    Very truly yours,

                    BRIDGET M. ROHDE
                    Acting United States Attorney

      By:

                    Peter A. Laserna
                    Assistant U.S. Attorney
                    (718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 20, 2017

<u>By Regular Mail</u>
JB GLOBAL, INC.
c/o Business Filings Incorporated
701 S Carson Street
Suite 200
Carson City, Nevada 89701

      Re:    *United States of America v. Jordan Ross Belfort,*
              <u>Criminal Docket No. CR-98-0859 (E.D.N.Y.)</u>

To whom it may concern:

      A document subpoena concerning the above-referenced case was served on JB Global, Inc., care of its registered agent, Business Filings Incorporated, on November 16, 2017. The deadline to produce documents responsive to the subpoena was Friday, December 1, 2017. The deadline to serve a written objection to the subpoena was November 30, 2017. <u>See</u> Fed. R. Civ. P. 45(d)(2)(B). As of the transmission of this letter, JB Global, Inc., has failed to produce any documents or serve a written objection in response to the document subpoena.

      Accordingly, we hereby demand that JB Global, Inc., comply with the document subpoena and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018. If JB Global, Inc., does not comply with the document subpoena by that date, it will result in our office seeking a court order compelling compliance with the subpoena and granting any additional appropriate relief. If you wish to discuss these matters, please have an authorized representative of JB Global, Inc., contact me at the telephone number below.

                  Very truly yours,

                  BRIDGET M. ROHDE
                  Acting United States Attorney

By:      

                  Peter A. Laserna
                  Assistant U.S. Attorney
                  (718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 20, 2017

By Regular Mail
JB GLOBAL HOLDINGS, LLC
c/o Business Filings Incorporated
701 S Carson Street
Suite 200
Carson City, Nevada 89701

      Re:    *United States of America v. Jordan Ross Belfort,*
              <u>Criminal Docket No. CR-98-0859 (E.D.N.Y.)</u>

To whom it may concern:

      A document subpoena concerning the above-referenced case was served on JB GLOBAL HOLDINGS, LLC, care of its registered agent, Business Filings Incorporated, on November 16, 2017. The deadline to produce documents responsive to the subpoena was Friday, December 1, 2017. The deadline to serve a written objection to the subpoena was on November 30, 2017. See Fed. R. Civ. P. 45(d)(2)(B). As of the transmission of this letter, JB GLOBAL HOLDINGS, LLC, has failed to produce any documents or serve a written objection in response to the document subpoena.

      Accordingly, we hereby demand that JB GLOBAL HOLDINGS, LLC, comply with the document subpoena and produce all documents responsive to the subpoena, without objection, by Friday, January 5, 2018. If JB GLOBAL HOLDINGS, LLC, does not comply with the document subpoena by that date, it will result in our office seeking a court order compelling compliance with the subpoena and granting any additional appropriate relief. If you wish to discuss these matters, please have an authorized representative of JB GLOBAL HOLDINGS, LLC, contact me at the telephone number below.

                Very truly yours,

                BRIDGET M. ROHDE
                Acting United States Attorney

      By:           _____
                Peter A. Laserna
                Assistant U.S. Attorney
                (718) 254-6152

# EXHIBIT
# 8



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 2, 2018

By FedEx
JB GLOBAL, INC.
c/o ANNE KOPPE
1602 The Strand
Hermosa Beach, CA 90254

JB GLOBAL, INC.
2711 N SEPULVEDA BLVD, PMB 287
Manhattan Beach, CA 90266

> Re:   *United States of America v. Jordan Ross Belfort,*
> Criminal Docket No. CR-98-0859 (E.D.N.Y.)

To whom it may concern:

A document subpoena concerning the above-referenced case was served on JB Global, Inc. ("JBGI"), care of its registered agent and director, Anne Koppe, on November 13, 2017. When JBGI failed to respond to the subpoena, we mailed a letter regarding the failure to produce documents in response to the subpoena to JBGI on December 20, 2017. JBGI has failed to respond to either the subpoena or the December 20 letter.

As noted in our December 20 letter, our office will seek a court order compelling JBGI to produce documents in response to the subpoena unless JBGI fully complies with the previously served subpoena. Under the local rules for the federal district court in which the appropriate motion will be filed, we are required to make a good faith effort to meet and confer with a representative for JBGI prior to filing the motion. There is no telephone number for JBGI, or its registered agent, available on the website for the California Secretary of State. Further, JBGI has not informed our office of who, if anyone, is authorized to represent JBGI with respect to the subpoena.

By the close of business on Thursday, March 8, 2018, please either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of JBGI contact the undersigned for a meet-and-confer.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By:   _____

Peter A. Laserna
Assistant U.S. Attorney
(718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

March 2, 2018

By FedEx
JB GLOBAL HOLDINGS, LLC          JB GLOBAL HOLDINGS, LLC
c/o ANNE KOPPE                   2711 N SEPULVEDA BLVD #287
100 The Strand                   Manhattan Beach, CA 90254
Hermosa Beach, CA 90254

      Re:    *United States of America v. Jordan Ross Belfort,*
              Criminal Docket No. CR-98-0859 (E.D.N.Y.)

To whom it may concern:

      A document subpoena concerning the above-referenced case was served on JB Global Holdings, LLC ("JBGH"), care of its registered agent and manager, Anne Koppe, on November 17, 2017. When JBGH failed to respond to the subpoena, we mailed a letter regarding the failure to produce documents in response to the subpoena to JBGH on December 20, 2017. JBGH has failed to respond to either the subpoena or the December 20 letter.

      As noted in our December 20 letter, our office will seek a court order compelling JBGH to produce documents in response to the subpoena unless JBGH fully complies with the previously served subpoena. Under the local rules for the federal district court in which the appropriate motion will be filed, we are required to make a good faith effort to meet and confer with a representative for JBGH prior to filing the motion. There is no telephone number for JBGH, or its registered agent, available on the website for the California Secretary of State. Further, JBGH has not informed our office of who, if anyone, is authorized to represent JBGH with respect to the subpoena.

      By the close of business on Thursday, March 8, 2018, please either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of JBGH contact the undersigned for a meet-and-confer.

              Very truly yours,

              RICHARD P. DONOGHUE
              United States Attorney

      By:

              Peter A. Laserna
              Assistant U.S. Attorney
              (718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 2, 2018

By FedEx
GLOBAL MOTIVATION, INC.                    GLOBAL MOTIVATION, INC.
c/o ANNE KOPPE                              2711 N SEPULVEDA BLVD, PMB 287
1602 The Strand                             Manhattan Beach, CA 90266
Hermosa Beach, CA 90254

      Re:    *United States of America v. Jordan Ross Belfort,*
            <u>Criminal Docket No. CR-98-0859 (E.D.N.Y.)</u>

To whom it may concern:

      A document subpoena concerning the above-referenced case was served on Global Motivation, Inc. ("GMI"), care of its registered agent and director, Anne Koppe, on November 17, 2017. When GMI failed to respond to the subpoena, we mailed a letter regarding the failure to produce documents in response to the subpoena to GMI on December 20, 2017. GMI has failed to respond to either the subpoena or the December 20 letter.

      As noted in our December 20 letter, our office will seek a court order compelling GMI to produce documents in response to the subpoena unless GMI fully complies with the previously served subpoena. Under the local rules for the federal district court in which the appropriate motion will be filed, we are required to make a good faith effort to meet and confer with a representative for GMI prior to filing the motion. There is no telephone number for GMI, or its registered agent, available on the website for the California Secretary of State. Further, GMI has not informed our office of who, if anyone, is authorized to represent GMI with respect to the subpoena.

      By the close of business on Thursday, March 8, 2018, please either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of GMI contact the undersigned for a meet-and-confer.

                Very truly yours,

                RICHARD P. DONOGHUE
                United States Attorney

By:                Peter A. Laserna
                Assistant U.S. Attorney
                (718) 254-6152

# EXHIBIT
# 9

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

March 2, 2018

By FedEx
GLOBAL MOTIVATION, INC.            GLOBAL MOTIVATION, INC.
c/o Business Filings Incorporated    418 BITLERS RD
701 S Carson Street, Suite 200       ZEPHYR COVE, NV 89448
Carson City, Nevada 89701

     Re:   *United States of America v. Jordan Ross Belfort,*
            <u>Criminal Docket No. CR-98-0859 (E.D.N.Y.)</u>

To whom it may concern:

    A document subpoena concerning the above-referenced case was served on Global Motivation, Inc. ("GMI"), care of its registered agent, Business Filings Incorporated, on November 16, 2017. When GMI failed to respond to the subpoena, we mailed a letter regarding the failure to produce documents in response to the subpoena to GMI on December 20, 2017. GMI has failed to respond to either the subpoena or the December 20 letter.

    As noted in our December 20 letter, our office will seek a court order compelling GMI to produce documents in response to the subpoena unless GMI fully complies with the previously served subpoena. Under the local rules for the federal district court in which the appropriate motion will be filed, we are required to make a good faith effort to meet and confer with a representative for GMI prior to filing the motion. There is no telephone number for GMI, or its registered agent, available on the website for the Nevada Secretary of State. Further, GMI has not informed our office of who, if anyone, is authorized to represent GMI with respect to the subpoena.

    By the close of business on Thursday, March 8, 2018, please either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of GMI contact the undersigned for a meet-and-confer.

                  Very truly yours,

                  RICHARD P. DONOGHUE
                  United States Attorney

By:                        
                  Peter A. Laserna
                  Assistant U.S. Attorney
                  (718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

March 2, 2018

By FedEx
JB Global, Inc.                              JB Global, Inc.
c/o Business Filings Incorporated            418 BITLERS RD
701 S Carson Street, Suite 200               ZEPHYR COVE, NV 89448
Carson City, Nevada 89701

     Re:   *United States of America v. Jordan Ross Belfort,*
          Criminal Docket No. CR-98-0859 (E.D.N.Y.)

To whom it may concern:

     A document subpoena concerning the above-referenced case was served on JB Global, Inc. ("JBGI"), care of its registered agent, Business Filings Incorporated, on November 16, 2017. When JBGI failed to respond to the subpoena, we mailed a letter regarding the failure to produce documents in response to the subpoena to JBGI on December 20, 2017. JBGI has failed to respond to either the subpoena or the December 20 letter.

     As noted in our December 20 letter, our office will seek a court order compelling JBGI to produce documents in response to the subpoena unless JBGI fully complies with the previously served subpoena. Under the local rules for the federal district court in which the appropriate motion will be filed, we are required to make a good faith effort to meet and confer with a representative for JBGI prior to filing the motion. There is no telephone number for JBGI, or its registered agent, available on the website for the Nevada Secretary of State. Further, JBGI has not informed our office of who, if anyone, is authorized to represent JBGI with respect to the subpoena.

     By the close of business on Thursday, March 8, 2018, please either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of JBGI contact the undersigned for a meet-and-confer.

                           Very truly yours,

                           RICHARD P. DONOGHUE
                           United States Attorney

              By:                    

                           Peter A. Laserna
                           Assistant U.S. Attorney
                           (718) 254-6152



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

March 2, 2018

By FedEx:                          By Regular Mail:
JB GLOBAL HOLDINGS, LLC            JB GLOBAL HOLDINGS, LLC
c/o Business Filings Incorporated  PO BOX 1901
701 S Carson Street, Suite 200     ZEPHYR COVE, NV 89448
Carson City, Nevada 89701

Re:    *United States of America v. Jordan Ross Belfort,*
       Criminal Docket No. CR-98-0859 (E.D.N.Y.)

To whom it may concern:

A document subpoena concerning the above-referenced case was served on JB Global Holdings, LLC ("JBGH"), care of its registered agent, Business Filings Incorporated, on November 16, 2017. When JBGH failed to respond to the subpoena, we mailed a letter regarding the failure to produce documents in response to the subpoena to JBGH on December 20, 2017. JBGH has failed to respond to either the subpoena or the December 20 letter.

As noted in our December 20 letter, our office will seek a court order compelling JBGH to produce documents in response to the subpoena unless JBGH fully complies with the previously served subpoena. Under the local rules for the federal district court in which the appropriate motion will be filed, we are required to make a good faith effort to meet and confer with a representative for JBGH prior to filing the motion. There is no telephone number for JBGH, or its registered agent, available on the website for the Nevada Secretary of State. Further, JBGH has not informed our office of who, if anyone, is authorized to represent JBGH with respect to the subpoena.

By the close of business on Thursday, March 8, 2018, please either (1) produce all documents responsive to the subpoena, without objection, or (2) have an authorized representative of JBGH contact the undersigned for a meet-and-confer.

Very truly yours,

RICHARD P. DONOGHUE
United States Attorney

By: _____

Peter A. Laserna
Assistant U.S. Attorney
(718) 254-6152